CLAIR SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93605.  Filed June 26, 1963.

*Aaron S. Rosenthal,* for the petitioner.
*Charles F. Quinlan,* for the respondent.

#### OPINION

MULRONEY, *Judge:* The respondent determined deficiencies in petitioner's income tax for the years 1956, 1957, and 1958 in the amounts of $16,383.26, $12,749.82, and $11.723.41, respectively.

The only issue presented is whether petitioner was entitled to compute her income tax at rates provided for head of a household.

All of the facts were stipulated and they are found accordingly.

We set forth below in numbered paragraphs (omitting paragraph 2 pertaining to an issue not involved) the stipulation filed by the parties:

1. The petitioner, Clair Smith, is an individual who for the taxable years 1956, 1957 and 1958 filed her income tax returns, prepared on the cash basis, with the district director of internal revenue at Los Angeles, California.

\*       \*       \*       \*       \*       \*       \*

3. The petitioner is an unmarried individual who resides in, and is a domiciliary of, the State of Nevada.

4. All of the cost of maintaining the following households is furnished by the petitioner:

    (a) a household located at 242 Island Avenue, Reno, Nevada, which constitutes her principal place of abode;

    (b) a household located at 503 North Rexford Drive, Beverly Hills, California, which constitutes the principal place of abode of her dependent adopted son, Ivan.

5. This dual household arrangement has existed since 1934, the year of Ivan's adoption.

6. In each of the years since 1934, the petitioner spent a material portion thereof in California.

7. During the years involved in this proceeding she spent 15 months in Nevada, 10 months in California and 11 months elsewhere.

8. Whenever the petitioner was present in California, her place of abode was 503 North Rexford Drive, Beverly Hills, California.

9. The petitioner is a "head of household" if she maintains the household in Beverly Hills as her "home" as required by section 1(b)(2) of the Internal Revenue Code of 1954.

Section 1(b)(1) of the Internal Revenue Code of 1954 [1] imposes a tax on the taxable income "of every individual who is the head of a household" at rates lower than the individual income tax rates imposed by section 1(a). Section 1(b)(2) defines head of a household as follows:

SEC. 1. TAX IMPOSED.

    (b) RATES OF TAX ON HEADS OF HOUSEHOLDS.

\*       \*       \*       \*       \*       \*       \*

    (2) DEFINITION OF HEAD OF HOUSEHOLD.—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either—

        (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

            (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.

For purposes of this paragraph and of section 2(b)(1)(B), an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. [Section 1(b)(3) provides that the term "son" includes a legally adopted child.]

Petitioner computed her income tax at the rates provided for the head of a household. In his notice of deficiency respondent stated: "It is determined that you are not entitled to compute your income tax [for the years involved] at the rates provided for heads of household for the reason that you do not qualify as a 'head of household' within the meaning of Section 1, of the Internal Revenue Code of 1954."

Since it is admitted petitioner was not married and not a surviving spouse (as defined in section 2(b)), the burden was upon petitioner to establish that she maintained as her home a household which constitutes the principal place of abode of her dependent son as a member of such household. It is stipulated the Beverly Hills residence was the principal place of abode of petitioner's son so the issue is whether that residence was maintained by petitioner as her home within the above statute.

Petitioner on brief admits her Reno residence, where her son did not live, was her home. We certainly agree that the stipulated facts would sustain such a conclusion. Generally a person's home is his domicile. However, petitioner's argument goes on to contend "both households were maintained by her as her homes."

The word "home" is a word of uncertain meaning.[2] It may be that for some purposes a person could consider two or more dwelling places as his homes. But the word "home" in this statute must be harmonized with the context of the entire statutory provision. We think as used here it means the single home household of the taxpayer

---

[2] Restatement, Conflict of Laws, sec. 13, undertakes to define a home as "a dwelling place of a person, distinguished from other dwelling places of that person by the intimacy of the relation between the person and the place," and adds in comment a.: "The idea of home is incapable of exact definition because it is not composed of a definite combination of definable elements. * * *"

which is the taxpayer's principal place of abode; the dwelling that the taxpayer at least considers his most permanent residence; the place where he dwells that is located at his domicile. We recognize that under the broad concept of "home" which is based on the relationship of person to place a second dwelling could, for some purposes, be described as a person's home. But, as used in this statute where Congress is legislating with respect to households that a taxpayer might maintain which may or may not be the taxpayer's home, the term home is intended to be descriptive of a person's relationship to a dwelling as his fixed place of abode where he permanently resides and to which he always intends to return when away from it.

This interpretation seems consistent with the statutory plan when the statute is considered in its entirety. The design of the statute is to give the taxpayer the head of household rate with respect to a parent when the taxpayer and parent might not be members of the same household but when the rate is sought with respect to a child the taxpayer and his child must be members of the same household. In the language of the statute the taxpayer qualifies in the latter case "if, and only if," the dwelling place is both the taxpayer's home and the child's principal place of abode. This must mean the joint home of both in the sense that it is the principal place of abode of both.

Respondent's regulation (sec. 1.1-2(c)(1), Income Tax Regs.) provides that before head of the household rates can be used "The taxpayer and such other person [such as a son] must occupy the household for the entire taxable year" but goes on to say they "will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances." This seems consistent with the intent of Congress as may be seen from the following excerpt from the Senate Report in connection with the Internal Revenue Act of 1951 when special head of the family rates were first adopted:

The fact that a child may be at college during the college term does not prevent the home of the taxpayer from also constituting the principal place of abode of the child. However, such home will not be considered as the principal place of abode where the child establishes a separate habitation and only returns for periodic visits. Similarly, such home will not be considered as constituting the principal place of abode of a dependent of the taxpayer who is supported by the taxpayer for a substantial part of the year in lodgings other than those occupied by the taxpayer even though such person may at various periods live in the household, unless the residence of the dependent in other lodgings is not permanent and is due to necessity such as illness. It is also intended that the household constitute the actual place of abode of the taxpayer and it is not sufficient that the taxpayer maintain the household without being an occupant thereof. [S. Rept. No. 781, Part 2, 82d Cong., 1st Sess., p. 14.]

The Beverly Hills residence, which was her son's principal place of abode, does not qualify as petitioner's home under the foregoing interpretation of the statute. In fact it is doubtful if the stipulated facts, which constitute the entire record in this case, would support a finding that petitioner's Beverly Hills residence was her home under any definition of the term. It would seem that the most that could be found under this record is that petitioner maintained a household in Beverly Hills which constituted the principal place of abode of her son and which she sometimes occupied "when present in California." Such part-time occupancy (averaging 3½ months a year for the years in question) would hardly establish the place as her home, especially when it is stipulated her residence, domicile, and principal place of abode were elsewhere.

We hold for respondent on the issue presented. There were other issues that were conceded or not contested so—

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

WITHEY, *J.*, dissenting: Petitioner during all times at issue was a well-to-do single woman who maintained two places of abode, one at Reno, Nev., and another at Beverly Hills, Calif. It is stipulated that petitioner "resides in, and is a domiciliary of, the State of Nevada." Her Beverly Hills abode is the principal place of abode of her dependent adopted son. The Reno residence is stipulated to be petitioner's "principal place of abode." During the years here involved she lived in her Reno residence an average of 4⅔ months per year and in her Beverly Hills residence 3⅓ months per year. It is agreed that petitioner is qualified as "the head of a household" in all respects under section 1(b)(2) of the 1954 Code with the exception of one. Respondent contends she does not qualify completely because her Beverly Hills residence, which clearly was the home of petitioner's son, was nevertheless not petitioner's principal place of abode and therefore not her home within the meaning of the statute for the full taxable years at issue. The statute contains no such requirement, but respondent contends such a requirement is implicit therein as set forth in section 1.1–2(c)(1), Income Tax Regs., which provides as follows:

In order for the taxpayer to be considered a head of a household by reason of any individual described in subparagraph (A) of section 1(b)(2) [a son], the household must actually constitute the home of the taxpayer for his taxable year. * * * It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. * * * The taxpayer and such other person will be considered as occupying the household for such entire taxable

year notwithstanding temporary absences from the household due to special circumstances. * * *

I think it is entirely clear that petitioner has two "homes" within the meaning of the statute, one of which constituted the "principal place of abode" of her son. The question is, does the son occupy the home in Beverly Hills as a member of a household? There is no statutory or regulatory definition of a "household." The ordinarily accepted meaning of the word seems to be in essence a family. See Webster's New International Dictionary (2d ed. 1959). The parties stipulate that each residence constituted a household. They also stipulate that petitioner maintained both. To hold, as respondent contends his regulation requires, that petitioner could not be said to have maintained a household in the place of abode of her son merely because her principal place of abode was elsewhere would, I think, add a requirement for qualification by regulation which the statute does not contemplate. Such a requirement would seem so strained as to make it impossible for one who may own and occupy, for different periods of a tax year, more than one home, in only one of which the remaining members of his family reside as their principal place of abode, to ever acquire status as head of a household. The statutory objective is to permit income-splitting advantage to taxpayers who, although not married, are nevertheless in all other respects in the same or similar family status as a married person. Respondent's own regulation recognizes the fact that the head of a family or household may be absent from his home temporarily. I think part of the difficulty here lies in what is meant by such temporary absence. In my view families or households are as varied in their modes of living as there are numbers thereof. Temporary absence from home may mean a day, week, or month in one family or household and in others may mean longer periods. A taxpayer's status as the one who provides the necessities of life to his family or household is not controlled by his physical presence with them. In fact, the very necessity to provide a living for a household under certain economic or business conditions may require the head of the family to be absent from his home for the entire taxable year and to occupy another home as his principal place of abode, but it does not follow that, for that reason alone, he is any-the-less head of a household.

If an individual's family occupies, as its principal place of abode, one of his homes which he personally uses as his home even though he also uses the other as his home, I think respondent's regulation recognizes that he thereby personally occupies the one used by the family. Any other construction seems to me to vitiate Congressional intent.

FORRESTER, FAY, and DAWSON, *JJ.*, agree with this dissent.