James J. LARAIA, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63–620.

United States District Court
D. Massachusetts.

March 12, 1964.

As Amended June 2, 1964.

Bruno J. DiCicco, Worcester, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Murray H. Falk, Asst. U. S. Atty., Robert J. Sama, Atty., Dept. of Justice, Washington, D. C., for defendant.

SWEENEY, Chief Judge.

This is an action for the recovery of federal income taxes and interest paid for the years 1957 and 1958 in the sums of $3,769.70 and $2,293.49, respectively, which the plaintiff alleges were erroneously and illegally assessed and collected.

The plaintiff's claim is based on his contention that during these taxable years he was the "head of a household" within the meaning of Section 1 of the Internal Revenue Code of 1954, 26 U.S.C., and was, therefore, entitled to the benefit of the reduced surtax rates available to the "head of a household."

Insofar as relevant to this case, " * * * an individual shall be considered a head of a household, if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in Section 2(b)), and either—

"(A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

"(i) a son, * * *, daughter, * * * of the taxpayer. * * * "
26 U.S.C. § 1.

*Findings of Fact*

The plaintiff was married to Mary T. Laraia and had four minor children. Mrs. Laraia was an alcoholic which caused the plaintiff to separate from her at some time prior to 1957. The separation only lasted one week, and Mrs. Laraia completely abstained from alcohol for approximately one year thereafter. When she resumed drinking, the plaintiff, as part of a therapeutic experiment to rehabilitate her, instituted divorce proceedings. The plaintiff and his wife were Catholics, and Mrs. Laraia had always taken comfort in the belief that her husband would not get a divorce. A decree nisi was, however, granted on January 25, 1957, under which Mrs. Laraia was given technical custody of the children and allowed the full use of the family home at 31 Brattle Street, Worcester, Massachusetts. The plaintiff not only agreed to maintain the home but in fact retained general control and responsibility over the family.

During the year 1957 and most of 1958, the plaintiff, when he was not on the road in connection with his magazine sales business, lived at various hotels in Worcester or with his brother; and two or three times a month, he stayed at the house at 31 Brattle Street. His personal belongings, beyond what he carried in his suitcase on his travels, remained at 31 Brattle Street where he also received his nonbusiness mail.

In spite of the plaintiff's efforts, Mrs. Laraia's condition deteriorated steadily; and on October 15, 1958, the divorce decree was amended to give the plaintiff custody of the children. He then rented an apartment in Shrewsbury; and, eventually, when Mrs. Laraia left, he and the children moved back to 31 Brattle Street.

The Commissioner disallowed the plaintiff's claimed status of head of a household on the ground that the plaintiff did not occupy the same household as his children.

There is no dispute that 31 Brattle Street was the principal place of abode

of the plaintiff's wife and children, and the issue is whether it was also the plaintiff's home within the meaning of the statute.

■ "The word 'home' is a word of uncertain meaning.[2] It may be that for some purposes a person could consider two or more dwelling places as his homes. But the word 'home' in this statute must be harmonized with the context of the entire statutory provision. We think as used here it means the single home household of the taxpayer which is the taxpayer's principal place of abode; the dwelling that the taxpayer at least considers his most permanent residence; the place where he dwells that is located at his domicil." Smith v. Commissioner, 40 T.C. 591, 594 (1963).

"2. Restatement, Conflict of Laws, sec. 13, undertakes to define a home as 'a dwelling place of a person, distinguished from other dwelling places of that person by the intimacy of the relation between the person and the place,' and adds in comment a: 'The idea of home is incapable of exact definition because it is not composed of a definite combination of definable elements * * *' * * *."

Under this interpretation of the statute, I find and so rule that 31 Brattle Street was the plaintiff's home. The government argues that such a finding would be inconsistent with the fact of divorce and contrary to the terms of the divorce decree. But this was not the usual divorce case. The evidence was uncontradicted that the plaintiff obtained the divorce only for therapeutic reasons, is borne out by the fact, also uncontradicted, that the plaintiff never really moved out of the house at 31 Brattle Street. While he did not regularly sleep there and did not physically and permanently occupy the house, all of his personal belongings stayed there during the entire period in question and his nonbusiness mail was delivered there. There is no doubt that the plaintiff considered it as "his most permanent residence."

This conclusion is supported by Hein v. Commissioner, 28 T.C. 826 (1957); Brehmer v. United States, 191 F.Supp.

421 (D.C.Minn.1961); and Reardon v. United States, 158 F.Supp. 745 (D.C.S.D. 1958). As the government points out, those cases differ from this case in that the issue there concerned the principal place of abode of the person qualifying the taxpayer as head of a household; but the court's reasoning in each case, that the important considerations are the intention, anticipation and expectation of the taxpayer, or the person qualifying the taxpayer under Section 1 of the Internal Revenue Code of 1954, 26 U.S.C., are equally valid in the context of this case.

The Smith case quoted above, which the government cited in support of its position and which denied the taxpayer head of household status, is clearly distinguishable on the facts, in that the taxpayer there maintained two households, one of which was the principal place of abode of her dependent son. The court held that since the taxpayer only spent a relatively small amount of time in her son's residence, and the parties had stipulated that her residence, domicile and principal place of abode were elsewhere, the son's residence was not the taxpayer's home within the meaning of the statute. Such was not the situation in this case where the plaintiff never established another permanent residence but rather spent one night in a hotel and the next at his brother's house, always in anticipation of being able to reoccupy on a permanent basis the house at 31 Brattle Street.

### Conclusions of Law

■ From the foregoing, I conclude and rule that the plaintiff was the head of a household within the meaning of Section 1 of the Internal Revenue Code of 1954, 26 U.S.C., during the taxable years 1957 and 1958.

Judgment may be entered for the plaintiff in such amount as reflects the allowance of the plaintiff's status as head of the household with interest to be computed under 28 U.S.C. § 2411.