Levon P. Biolchin v. Commissioner.
Biolchin v. Commissioner
Docket No. 1473-68.
United States Tax Court
T.C. Memo 1969-197; 1969 Tax Ct. Memo LEXIS 94; 28 T.C.M. (CCH) 1041; T.C.M. (RIA) 69197; September 29, 1969. Filed. Gerhard E. Seidel and John G. Campbell, 135 S. LaSalle St., Chicago, Ill., for the petitioner. Richard M. Kates, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income taxes as follows: Taxable year
Amount of deficiency
1963
$3,971.86
1964
1,479.56
1965
1,608.88 The sole issue for decision is whether, during the years involved, petitioner qualified for head of household rates of tax under section 1(b), I.R.C. 1954. All of the facts have been stipulated and are found accordingly. Petitioner had his legal residence in Cook County, Illinois, at the time the petition herein was filed. He filed his tax returns for the years in issue with the district *95 director of internal revenue in Chicago, Illinois. In 1958, petitioner was divorced from Marilyn Biolchin. The decree awarded the mother custody of the three daughters, subject to visitation rights, and specified that the mother and the daughters should have the use of a house in Park Forest, Illinois, which was to be provided and maintained by the petitioner. During the 1042 taxable years involved, petitioner owned and maintained this house; the house was physically occupied by the mother and daughters as their principal place of abode and petitioner furnished over half the cost of its maintenance. During those years, petitioner did not live there; he physically occupied a home in Flossmoor, Illinois, which was his principal place of abode. During the taxable years involved, petitioner was unmarried and not a surviving spouse. Petitioner asserts that he is entitled to the favorable rates consequent upon head of household status. The resolution of this question turns on a determination whether petitioner meets the statutory provision that "an individual shall be considered a head of a household * * * only if * * * [he] maintains as his home a household which constitutes *96 * * * the principal place of abode, as a member of such household, of [a dependent child of the taxpayer]." Section 1(b), I.R.C. 1954. Petitioner urges that, while the household must be the principal place of abode of the dependent child, it need be only the home of the taxpayer. He argues that this different choice of words must be given some effect and that petitioner's ownership and maintenance of the house is sufficient to satisfy the statutory requirement. We disagree. Ownership and maintenance is not per se sufficient; there must be physical occupancy by the taxpayer to meet the requirement of a "home." W. E. Grace, 51 T.C. 685 (1969), on appeal (C.A. 5, May 2, 1969), which sustains section 1.1-2, Income Tax Regs., and reviews at length the legislative history underlying section 1(b). There is no evidence that petitioner lived or otherwise maintained any presence in the Park Forest house during the taxable years involved or ever intended to do so while his family lived there. Cf. Laraia v. United States, 232 F. Supp. 602 (D. Mass. 1964). Thus, petitioner is not even in a position to assert that multiple *97 homes satisfy the statutory requirement. Cf. Smith v. Commissioner, 332 F. 2d 671 (C.A. 9, 1964), reversing, 40 T.C. 591 (1963). The facts in this case are indistinguishable from those involved in W. E. Grace, supra. On the authority of our decision therein, we hold for respondent on the "head of household" issue. In order to reflect the concession by respondent on another issue. Decision will be entered under Rule 50.