**W. E. GRACE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 27960.

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1969.

Gene W. Schutze, Robert F. Ashley, Dallas, Tex., for petitioner-appellant.

Jonathan S. Cohen, Johnnie M. Walters, Asst. Attys. Gen., Lee A. Jackson, Gary Allen, Attys., Tax Div., U. S. Dept. of Justice, Richard M. Hahn, Acting Chief Counsel, Daniel J. Boyer, Atty., Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before WISDOM, SIMPSON and CLARK, Circuit Judges.

PER CURIAM.

We are called upon to review the refusal of the Tax Court to set aside deficiencies in income tax assessed by the respondent against W. E. Grace for the years 1963, 1964 and 1965. Mr. Grace sought re-determination only as to deficiencies arising from the Commissioner's determination that he (the taxpay-

er) was not entitled to compute his tax liability at the rates prescribed for a head of a household. The sole issue for determination by the Tax Court (and by us on appeal) is whether all the requirements of Section 1(b) (2) (A) of the Internal Revenue Code of 1954[1] were satisfied so as to qualify the petitioner-appellant as a "head of a household" during the three years involved. We agree with the Tax Court for reasons well explicated by its decision[2] that the Code provision was not satisfied and affirm.

■ During the years in question the taxpayer and his wife were divorced. Under the divorce decree, Mrs. Grace had sole custody of a minor child (subject to Grace's visitation privileges) and the exclusive "use and benefit" of the family residence until the minor's 18th birthday, unless she remarried before that time. The taxpayer spent substantial sums on the upkeep of the home and was required to make substantial monthly payments for the upkeep of the child. He was forbidden access to the home. His only other contact with the home was legal title and a vague intent to return to it in the future. He maintained his abode elsewhere in Dallas, the city where all resided.

■ The statute and the pertinent regulations[3] were correctly applied by the Commissioner.[4] The inequities which the taxpayer strenuously insists result from the language and interpretation of the Code and regulations are matters for the Congress.

Affirmed.

1. 26 U.S.C., 1964 Ed., Sec. 1.

2. 51.67 P-H T.C., decided January 29, 1969, Docket No. 2302–67. (51 T.C. No. 67).

3. 26 C.F.R., Sec. 1.1–2.

4. Cf. Smith v. Commissioner of Internal Revenue, 9 Cir. 1964, 332 F.2d 671; Laraia v. U. S., D.C.Mass.1964, 232 F. Supp. 602; See also the following cases involving construction of Section 1(b) (2) (A) of the 1954 Code, in none of which has the time for appeal expired: Biolchin

v. Commissioner, decided September 29, 1969 (P-H Memo T.C., par. 69, 197), (decided in favor of the Commissioner.); Olandese v. Commissioner, decided October 28, 1969 (P-H Memo T.C., par. 69, 228), (decided in favor of the Commissioner.); Williams v. Commissioner, 53 T.C. No. 9 (1969), (decided in favor of the Commissioner.); Muse v. United States, 303 F.Supp. 172 (M.D.N.C., November 5, 1969), (decided in favor of the taxpayer).