Levon P. **BIOLCHIN**, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Appellee.

**No. 18229.**

United States Court of Appeals,
Seventh Circuit.

Oct. 28, 1970.

John G. Campbell, John W. McCullough, Gerhard E. Seidel, Chicago, Ill., for appellant; Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Virginia M. Hopkinson, Lee A. Jackson, William Massar, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before KILEY, FAIRCHILD and KERNER, Circuit Judges.

PER CURIAM.

This matter comes to the Court on petitioner's appeal from a decision of the Tax Court denying a petition for a redetermination of income tax deficiencies assessed by the Commissioner of Internal Revenue (see Memorandum Opinion of Tax Court, Docket No. 1473–60, filed September 29, 1969).

The sole issue involved on appeal is whether during the years (1963–65) in which the deficiencies were assessed, petitioner qualified for reduced head of household rates of tax under Section 1(b) (2) (A) of the 1954 Internal Revenue Code.

The relevant stipulated facts are the following:

In 1958 petitioner was divorced from Marilyn Biolchin. The decree awarded the mother custody of the three daughters, subject to visitation rights, and specified that the mother and the daughters should have the use of a house in Park Forest, Illinois, which was to be provided and maintained by the petitioner. During the taxable years involved, petitioner owned and maintained this house; the house was physically occupied by the mother and daughters as their principal place of abode and petitioner furnished half the cost of its main-

**302**

tenance. During those years, petitioner did not live there; he physically occupied a home in Flossmoor, Illinois, which was his principal place of abode. Tax Court Memorandum Opinion, Docket No. 1473–60, September 29, 1969.

■■■■ Section 1(b) (2) (A) provides in pertinent part that

"an individual shall be considered a head of household * * * only if * * * [he] maintains as his home a household which constitutes * * * the principal place of abode, as a member of such household of—[a dependent child of the taxpayer] * * *."

Petitioner urges that, while the household must be the principal place of abode of the dependent child, petitioner's ownership and maintenance of the house is sufficient for him to satisfy the statutory requirement. We disagree and adopt in total the opinion of the tax court which held:

Ownership and maintenance is not per se sufficient; there must be physical occupancy by the taxpayer to meet the requirement of a "home." W. E. Grace, 51 T.C. 685 (1969), on appeal ([421 F.2d 165] C.A.5, May 2, 1969), which sustains section 1.1–2, Income Tax Regs., and reviews at length the history underlying section 1(b). There is no evidence that petitioner lived or otherwise maintained any presence in the Park Forest house during the taxable years involved or ever intended to do so while his family lived there. Cf. Laraia v. United States, 232 F.Supp. 602 (D.Mass. 1964). Thus, petitioner is not even in a position to assert that multiple homes satisfy the statutory requirement. Cf. Smith v. Commissioner, 332 F.2d 671 (C.A.9, 1964), reversing 40 T.C. 591 (1963).

The facts in this case are indistinguishable from those involved in W. E. Grace, *supra*. On the authority of our decision therein, we hold for respondent on the "head of household" issue.

Tax Court Memorandum Opinion, Docket No. 1473–60, filed September 29, 1969.

The Fifth Circuit recently affirmed the holding of the Tax Court in W. E. Grace, 51 T.C. 685 (1969), stating:

The statute and the pertinent regulations were correctly applied by the Commissioner. The inequities which the taxpayer strenuously insists result from the language and interpretation of the Code and regulations are matters for the Congress.

Grace v. C.I.R., 421 F.2d 165, 166 (5th Cir. 1970).

(footnotes omitted)

The opinion of the tax court is affirmed.

Affirmed.