MELVIN F. ALBERGOTTIE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Albergottie v. Commissioner
Docket No. 570-72.
United States Tax Court
T.C. Memo 1973-9; 1973 Tax Ct. Memo LEXIS 278; 32 T.C.M. (CCH) 33; T.C.M. (RIA) 73009; January 15, 1973, Filed Melvin F. Albergottie, pro se. James E. Dunn, Jr., for the respondent. TANNENWALD
MEMORANDUMFINDINGS OF FACT AND OPINION Tannenwald, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1967
$286.77
1969
209.64 2 The issues for decision are: (1) Whether petitioner is entitled to use the head-of-household rates in computing his income *279 tax for 1967 and 1969; (2) The amount of petitioner's allowable deductions for charitable contributions in 1967 and 1969; (3) Whether petitioner is entitled to a deduction in 1967 for expenses paid in connection with the partition and sale of a jointly-owned personal residence; and (4) Whether petitioner is entitled to a deduction in 1969 for certain "support" expenses. Some of the facts herein have been stipulated and are found accordingly. Petitioner resided in East Cleveland, Ohio, at the time of filing the petition herein. He filed a cash-basis Federal income tax return for the calendar year 1967 with the district director of internal revenue, Chicago, Illinois, and for the calendar year 1969 with the district director, Cleveland, Ohio. Petitioner was divorced from his wife, Ada, on December 9, 1965. The decree of divorce gave custody of the five minor children of the marriage to Ada and ordered petitioner to make periodic payments to Ada for their support. Petitioner claimed and was allowed dependency 3 exemptions for the five children on his tax returns for 1967 and 1969. During those years petitioner lived alone and the five children had their principal *280 place of abode at the residence of Ada. Head of Household. Since petitioner's former wife and children lived separately from petitioner throughout the taxable years 1967 and 1969, it is clear that petitioner did not maintain "as his home a household which constitutes * * * the principal place of abode" for any of his children within the meaning of section 1(b) (2), [1] and that he is, therefore, not entitled to the head-of-household rates specified in section 1(b). Biolchin v. Commissioner, 433 F.2d 301 (C.A. 7, 1970), affirming per curiam a Memorandum Opinion of this Court; Grace v. Commissioner, 421 F.2d 165 (C.A. 5, 1969), affirming per curiam 51 T.C. 685. Charitable Contributions. On his tax return for 1967 and 1969, petitioner claimed deductions for charitable contributions in the amount of $385 in 1967 and $355 in 1969. Respondent disallowed these deductions to the extent they exceeded $100 in 1967 and $75 in 1969. During the years in question, petitioner regularly attended his church and was a member *281 of its board of trustees and the finance committee 4 of the board.We found the petitioner to be a credible witness, but, in the absence of some corroborative evidence, we are unable to allow him the full deductions claimed. We find, however, that he made charitable contributions of $200 (including the amounts allowed by respondent) in each of the years in questions and we hold that he is entitled to deductions in those amounts. Partition Suit. In 1967, petitioner paid certain legal fees and related expenses, amounting to $1,268.60, in connection with the partition and sale of a personal residence which he owned jointly with his former wife, Ada. Petitioner claimed these expenses as a deduction on his income tax return for that year. Expenses incurred in connection with the sale of a capital asset are not deductible, but are instead applied to reduce the seller's gain or increase his loss on the transaction. Spreckels v. Helvering, 315 U.S. 626 (1942); Lanrao, Inc. v. United States, 422 F. 2d 481 (C.A. 6, 1970); Fred Wong Gunn, 49 T.C. 38 (1967). Furthermore, a loss realized on the sale of a personal residence is not deductible. Edward N. Wilson, 49 T.C. 406, 414 (1968), *282 reversed on another issue, 412 F.2d 314 (C.A. 6, 1969); sections 1.165-9(a) and 1.262-1(b)(4), Income Tax Regs. Finally, it is clear that the partition suit had its origin in the 5 divorce action and that the losses or expenses incurred in connection therewith would be considered personal and therefore nondeductible. United States v. Gilmore, 372 U.S. 39 (1963); United States v. Patrick, 372 U.S. 53 (1963). We, therefore sustain the disallowance of petitioner's claimed deduction. "Support" Expenses. Petitioner's former wife, Ada, at one time left the five children, whose custody she was awarded upon her divorce from petitioner, in the care of a relative in South Carolina and returned to live with her then-husband in Hampton, Virginia. The relative was subsequently hospitalized and the children were left unattended. During 1969, petitioner paid $470 in legal fees and travel expenses in order to return the children to the custody of Ada. Petitioner claimed that amount as a deduction on his tax return for 1969. We sustain respondent's disallowance of the claimed deduction. Amounts expended for the support of one's dependents are nondeductible *283 personal expenses. Section 262. To the extent that such expenditures could be considered as having been made for the support of petitioner's children, he has received the maximum benefit permitted by statute through the allowance of five dependency exemptions. Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩