ARTHUR J. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 6524-80.
United States Tax Court
T.C. Memo 1981-414; 1981 Tax Ct. Memo LEXIS 330; 42 T.C.M. (CCH) 605; T.C.M. (RIA) 81414; August 10, 1981. Arthur J. Johnson, pro se. John E. Becker, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 722.07 in petitioner's Federal income tax for 1977. The *331 only question presented is whether petitioner was entitled to file his return for that year as a "head of household" under sections 1(b) and 2(b). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time he filed his petition in this case, petitioner Arthur J. Johnson was a legal resident of the Bronx, in New York City, N.Y.
Petitioner lives and works in New York City. He was divorced in 1976. Petitioner's daughter Patricia, age 22, was a full-time student at the University of Virginia School of Nursing, in Charlottesville, Va., during both the spring and fall semesters of 1977. She maintained an apartment in Charlottesville where she resided during all of 1977. Petitioner paid for his daughter's tuition and living expenses during 1977 including the cost of her apartment. Patricia graduated as a Bachelor of Science in Nursing in 1978, and later thay year she went to work for the United States Public Health Service on an Indian reservation in Arizona. Petitioner was a member of *332 the Army Reserves, and in November 1977 he attended two weeks of annual training in the general area of Washington, D.C. During that time petitioner spent two nights at Patricia's apartment in Charlottesville. Except for those two nights at Patricia's apartment and some work-related travel, petitioner resided at his regular quarters in the Bronx during all of 1977. Petitioner filed his 1977 return as an unmarried head of household and calculated the amount of his tax accordingly. In his notice of deficiency, respondent determined petitioner did not qualify as a head of household and recomputed his tax under section 1(c), which applies to "unmarried individuals." OPINION The only question presented is whether petitioner was a "head of household" under sections 1(b) and 2(b) during 1977. Under section 1(b), heads of households are taxed at lower rates than are other unmarried individuals under section 1(c). Section 2(b)(1) defines the term "head of household" in pertinent part as follows: (b) Definition of Head of Household.-- (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not *333 married at the close of his taxable year, * * * and * * * (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or step-daughter of the taxpayer, * * * [Emphasis added.] The critical issue in this case is whether Patricia's apartment in Virginia can be considered petitioner's home or household. If so, the remaining requirements of the statute appear to be satisfied. Petitioner argues he had two residences during 1977, one in Virginia and one in New York City. He contends that Patricia's apartment should be considered his household because he paid for it. Petitioner's position is without merit. Patricia's apartment can by no stretch of the imagination realistically be considered petitioner's home. Moreover, section 1.2-2(c)(1), Income Tax Regs., specifically provides: the household must actually constitute the home of the taxpayer for his taxable year. * * * It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the *334 taxpayer. The validity of the above regulations was upheld by this Court in Grace v. Commissioner, 51 T.C. 685 (1969), affd. per curiam 421 F.2d 165 (5th Cir. 1969), and we have consistently adhered to our views in Grace since that time. See Manning v. Commissioner, 72 T.C. 838 (1979). Accord Muse v. United States, 434 F.2d 349 (4th Cir. 1970). But see Smith v. Commissioner, 332 F.2d 671 (9th Cir. 1964), revg. 40 T.C. 591 (1963). The fact of the matter is that petitioner's two-day visit was far too brief to have made his daughter's apartment his home, which is what the statute requires. [2]
*335 We have carefully considered petitioner's other arguments, and we find them to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, the year in issue.↩
2. We also note that petitioner previously litigated the issue presented herein in Johnson v. Commissioner, T.C. Memo. 1980-9, affd. by unpublished order (2d Cir., Feb. 19, 1981), where we reached the same result we do today. The doctrine of collateral estoppel does not prevent petitioner from arguing that the underlying facts in this case are different from those litigated earlier. Commissioner v. Sunnen, 333 U.S. 591 (1948). But the facts here are not materially different from those in T.C. Memo. 1980-9↩, and petitioner cannot realistically expect a different outcome.