SHARRON KAY WIRGES STANFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stanford v. Commissioner
Docket No. 424-93
United States Tax Court
T.C. Memo 1995-78; 1995 Tax Ct. Memo LEXIS 80; 69 T.C.M. (CCH) 1930; February 21, 1995, Filed *80 Decision will be entered under Rule 155. Sharron Kay Wirges Stanford, pro se. For respondent: Amy Dyar Seals. WOLFE
WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes for 1988 and 1990 in the amounts of $ 2,456 and $ 3,176, respectively, and additions to tax under section 6651(a)(1) for failure to file timely returns for those years in the respective amounts of $ 241.25 and $ 420. After concessions by petitioner, [2] the issues for decision with respect to petitioner's 1988 and 1990 Federal income taxes are: (1) Whether petitioner is entitled to a dependency exemption for her daughter, Veronica Leigh Wirges (Veronica); (2) whether *81 petitioner is entitled to head of household status; and (3) whether petitioner is liable for additions to tax for failure to file her 1988 and 1990 Federal income tax returns timely. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Axtell, Texas, when her petition was filed. Petitioner's daughter, Veronica, was born on January 16, 1979. In November of 1979, petitioner and Veronica's father separated, and petitioner was awarded custody of Veronica. Petitioner and Veronica's father divorced in 1980 or 1981. Under the child custody arrangement, petitioner was required to maintain a permanent address in Arkansas. During 1988 and the first few months of 1990, petitioner worked as an airplane mechanic for Dyncorp & *82 Subsidiaries (Dyncorp) in Florida. While employed by Dyncorp, petitioner resided in Florida. Following cessation of her employment with Dyncorp in 1990, petitioner worked for Chrysler Technologies Airborne Systems, Inc. (Chrysler) in Texas and resided in Texas. During the years in issue, Veronica lived at the home of Clois and Gladys Smith (the Smiths) in North Little Rock, Arkansas. The Smiths are not related to petitioner or Veronica. In 1988 and 1990, Veronica spent spring and summer vacations from school and Thanksgiving and Christmas holidays with petitioner in Florida and Texas. Petitioner would visit Veronica in Arkansas whenever she had a break from work of more than two consecutive days. Petitioner could not recall how often she visited Veronica during the years in issue. The Smiths cared for Veronica and allowed Veronica to stay in their home. In exchange, in 1988, petitioner purchased a camcorder for the Smiths and in 1990, petitioner purchased a washer and an air conditioner for the Smiths. The Smiths estimated the values of the camcorder, washer, and air conditioner as $ 1,123, $ 529, and $ 678, respectively. In addition to such purchases, in 1988 and 1990 petitioner *83 purchased other miscellaneous items for the Smiths, paid some utility bills and occasionally bought some groceries for the Smith household. Petitioner did not make cash payments directly to the Smiths for Veronica's support. The Smiths paid for some of Veronica's clothes, school supplies, food, and housing, and petitioner paid for the remainder of Veronica's support. The Smiths estimated their annual expenditures for Veronica's support as $ 1,200. Only the Smiths and petitioner contributed to Veronica's support during 1988 and 1990. Petitioner did not file Federal income tax returns for the years 1988 and 1990. In notices of deficiency, respondent determined that in 1988 and 1990: (1) Petitioner received taxable wage and interest income; (2) petitioner was entitled to one income tax exemption for herself; (3) petitioner's filing status was single; and (4) petitioner was liable for additions to tax for failure to file Federal income tax returns timely. OPINION Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). *84 With respect to her 1988 and 1990 Federal income taxes, petitioner contends that she is entitled to a dependency exemption for her daughter Veronica, that her filing status is head of household, and that she is not liable for the additions to tax for failure to file returns timely. Section 151(a) and (c)(1) allows a taxpayer a deduction for "dependents" as defined in section 152 who satisfy specified conditions. The term "dependent" includes a son or daughter of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a). Section 152(e)(1) provides a special support test with respect to children of parents who are divorced or legally separated or live apart at all times during the last 6 months of the calendar year. Section 152(e)(1) provides that, if a child received over half of his support from the parents, and such child is in the custody of one or both of his parents for more than one-half of the calendar year, generally, the parent having custody for a greater portion of the calendar year (the custodial parent) is treated as having furnished over one-half of the child's support for the calendar year and is, therefore, entitled to the dependency *85 exemption. See also sec. 1.152-4T(a), Temporary Income Tax Regs, 49 Fed. Reg. 34459 (Aug. 31, 1984). In 1980 or 1981, petitioner and Veronica's father were divorced, and thereafter petitioner had legal custody of Veronica. Veronica's father did not provide any child support for her. The record does not indicate that he had or took advantage of any visitation rights or claimed any physical custody of Veronica. Petitioner contends that she provided more than one-half of Veronica's support and that she is, therefore, entitled to claim a dependency exemption for Veronica. The Smiths expended $ 1,200 a year on Veronica's support. In exchange for the Smiths' care of Veronica in 1988, petitioner purchased a camcorder for the Smiths with an approximate value of $ 1,123. In exchange for the Smiths' care in 1990, petitioner purchased a washer and an air conditioner with a combined approximate value of $ 1,207. In addition, petitioner purchased other items for the Smiths and for Veronica. While the computation is close and we are relying in part on petitioner's impassioned but self-serving testimony, we are convinced that petitioner provided over half of Veronica's *86 support during 1988 and 1990, and we so find. Accordingly, petitioner is entitled to a dependency exemption with respect to Veronica during the years in issue. In determining the deficiencies in petitioner's 1988 and 1990 Federal taxes, respondent used the filing status of single. Petitioner claims that she is entitled to head of household status for taxable years 1988 and 1990. As applicable to this case, section 2(b) defines a head of household as an individual taxpayer who is unmarried at the close of his or her taxable year and who maintains as his or her home a household which constitutes the principal place of abode for more than one-half of the taxable year of a son or daughter of the taxpayer who resides there as a member of that household. Section 2(b) further provides that an individual taxpayer is to be considered as maintaining a household only if he or she furnishes more than one-half of the cost of maintaining that household. Petitioner acknowledges that Veronica resided with the Smiths during the years in issue. Under section 1.2-2(c), Income Tax Regs.: In order for a taxpayer to be considered as maintaining a household by reason of * * * [a daughter of *87 the taxpayer], the household must actually constitute the home of the taxpayer for his taxable year. * * * It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. * * * The taxpayer and such other person will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances.
This Court has upheld the validity of the above language, and denied head of household status to a taxpayer who maintained a household for his minor son that was separate from the home that the taxpayer physically occupied for the taxable year. Grace v. Commissioner, 51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969). The household in question need not be the taxpayer's principal place of abode, but it must be her home, where she and the other members of the household live together for a substantial part of the time in question. Muse v. United States, 434 F.2d 349, 353 (4th Cir. 1970). *88 Petitioner argues that she maintained a household for herself and Veronica. However, during the years in issue, petitioner resided in Florida and Texas, and Veronica resided with the Smiths in Arkansas. Except for occasional visits, petitioner did not physically occupy the Smiths' home in Arkansas. Moreover, the record plainly shows that petitioner did not furnish more than one-half of the cost of maintaining the household in which Veronica and the Smiths resided. Petitioner has failed to satisfy the requirements for head of household status under section 2(b). Accordingly, respondent's determination with respect to this issue is sustained. Respondent determined that petitioner was liable for additions to tax under section 6651(a)(1) for failure to file 1988 and 1990 returns timely. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The addition to tax may be avoided, however, if the taxpayer can show that the failure to file the return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); Richardson v. Commissioner, 72 T.C. 818, 827 (1979). *89 The burden of proof is on the petitioner. Rule 142(a). Although reasonable cause is not defined in the Code, the regulations state: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner failed to file Federal income tax returns for 1988 or 1990. Petitioner testified that she failed to file her 1988 and 1990 returns timely because she believed that she did not owe Federal income taxes in excess of the amounts withheld by her employers and because she believed that, under such circumstances, she is not required to file returns. In addition, petitioner testified that she did not file returns for the years in issue, because she was afraid that filing such returns would aid petitioner's former husband in locating petitioner and Veronica. These reasons for petitioner's failure to timely file her returns do not constitute reasonable cause *90 for failure to file. Accordingly, we sustain the additions to tax for failure to file as determined by respondent. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, unless otherwise stated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded that she received taxable wage income in the amounts of $ 21,302 and $ 25,556 in 1988 and 1990, respectively. Petitioner also conceded that she received taxable interest income in the amounts of $ 13 and $ 101 during 1988 and 1990.↩