RICHARD MICHAEL MANNING, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3195–77.    Filed August 13, 1979.

*H. Rollin Allen,* for the petitioner.
*Thomas E. Ritter,* for the respondent.

OPINION

STERRETT, *Judge:*\* Respondent, on January 31, 1977, issued a statutory notice in which he determined a deficiency in petitioner's Federal income taxes for the calendar years 1973 and 1974 in the respective amounts of $853.76 and $658.80.

Petitioner filed a petition on March 31, 1977, seeking our redetermination of respondent's notice of deficiency with respect to his 1973 and 1974 taxable years. On February 26, 1979, respondent filed a motion to dismiss petitioner's petition, insofar as it related to the taxable year 1973 for lack of jurisdiction, on the ground that payment of the deficiency for that taxable year was made prior to the issuance of the statutory notice. Said motion was granted and the case dismissed with respect to taxable year 1973. The only remaining issue for our determination is whether petitioner qualifies in calendar year 1974 as a head of household under section 2(b), I.R.C. 1954, and is therefore entitled to use the table in section 1(b) to determine his rate of tax.

This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all of the facts have been stipulated and are so found.

Petitioner Richard Michael Manning resided in Detroit, Mich., at the time of filing the petition herein. Petitioner filed his income tax return for the year 1974 on April 14, 1975. There is no indication in the record with respect to where this return was filed.

---

\*By order of the Chief Judge dated June 20, 1979, this case was reassigned from Judge Cynthia H. Hall to Judge Samuel B. Sterrett for disposition.

In March 1973, Marsha Lee Manning, petitioner's former wife, moved out of the marital home. Mrs. Manning filed for divorce in approximately April of 1973. In June 1973, the Circuit Court of Wayne County, Mich., ordered that Mrs. Manning be given temporary custody of the Mannings' daughter pending outcome of the divorce action. Petitioner's daughter remained in the custody of Marsha Lee Manning through the balance of the year 1973 and the entire year of 1974, except for visitation rights of petitioner as provided in orders of the Circuit Court. The Circuit Court of Wayne County, Mich., entered a final judgment of divorce on January 9, 1975.

Section 1(b) imposes a tax on individuals who are heads of households. Section 2(b)(1)(A) defines head of household to include those individuals who are not married at the close of the taxable year and maintain as their home "a household which constitutes for such taxable year the principal place of abode, as a member of such household, of a * * * daughter."

Section 143(b) treats certain married individuals living apart, as unmarried, for the purposes of determining head of household status if they are married but separated and file separate returns, and the taxpayer maintains as his home a household, which constitutes for more than one-half of the taxable year the principal place of abode of a dependent. Section 2(c) provides that an individual shall be considered unmarried for the purposes of section 2(b) if the individual is considered unmarried under section 143(b).

Petitioner meets the requirement of section 143(b) only if we find his daughter's principal place of abode was the marital residence petitioner maintained after June 1973 when the daughter was placed in the temporary custody of her mother.

Section 1.2–2(c)(1), Income Tax Regs., provides in pertinent part as follows:

In order for a taxpayer to be considered as maintaining a household by reason of any individual described in paragraph (a)(1) or (b)(3) of this section, the household must actually constitute the home of the taxpayer for his taxable year. A physical change in the location of such home will not prevent a taxpayer from qualifying as a head of a household. Such home must also constitute the principal place of abode of at least one of the persons specified in such paragraph (a)(1) or (b)(3) of this section. It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. * * * The taxpayer and such other person will be considered as

occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances. A nonpermanent failure to occupy the common abode by reason of illness, education, business, vacation, military service, or a custody agreement under which a child or stepchild is absent for less than six months in the taxable year of the taxpayer, shall be considered temporary absence due to special circumstances. Such absence will not prevent the taxpayer from being considered as maintaining a household if (i) it is reasonable to assume that the taxpayer or such other person will return to the household, and (ii) the taxpayer continues to maintain such household or a substantially equivalent household in anticipation of such return.

The validity of this regulation was upheld by this Court in the case of *Grace v. Commissioner*, 51 T.C. 685 (1969).

Petitioner argues that he had a reasonable belief his daughter would return and he maintained his household in anticipation of her return. Therefore, his daughter's absence during 1974 did not change her principal place of abode. Respondent argues the daughter's residing with her mother during 1974 changed her principal place of abode and that the daughter's absence from petitioner's household is not of the type or duration permitted by section 2(b) and the regulations thereunder.

Section 12(c) of the Internal Revenue Code of 1939, the predecessor of section 1(b) of the 1954 Code, contained substantially the same language. In enacting section 12(c) Congress intended that section:

to apply where the taxpayer and such other members of the household live together in such household during the entire taxable year (except for temporary absences due to special circumstances). The fact that a child may be at college during the college term does not prevent the home of the taxpayer from also constituting the principal place of abode of the child. However, such home will not be considered as the principal place of abode where the child establishes a separate habitation and only returns for periodic visits. Similarly such home will not be considered as constituting the principal place of a dependent of the taxpayer who is supported by the taxpayer for a substantial part of the year in lodgings other than those occupied by the taxpayer even though such person may at various periods live in the household, unless the residence of the dependent in other lodgings is not permanent and is due to necessity such as illness. [H. Rept. 586, 82d Cong., 1st Sess. (1951), 1951–2 C.B. 434.]

Thus, for petitioner's residence to be considered the principal place of abode of his daughter he must meet the following three requirements: (1) The special circumstances or necessity of the absence must be a type intended by the statute; (2) it must be reasonable for petitioner to assume the dependent, if ever able,

will return to the household, and (3) petitioner must maintain the household or its equivalent in anticipation of such return.

A temporary custody order placing both legal and actual custody in the hands of the mother, for an entire tax year, is not the type of special circumstance or necessary absence contemplated by the statute or regulation. Petitioner's daughter established separate habitation with her mother in 1973 and maintained that separate habitation throughout the taxable year 1974. The daughter's principal place of abode was with her mother. Further, petitioner could have had no reasonable expectation that his daughter would return to his abode during the year 1974. Therefore, we find for respondent.

*Decision will be entered for the respondent.*