ARTHUR HOULIHAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Houlihan v. Commissioner
Docket No. 426-79.
United States Tax Court
T.C. Memo 1980-312; 1980 Tax Ct. Memo LEXIS 270; 40 T.C.M. (CCH) 965; T.C.M. (RIA) 80312; August 13, 1980, Filed *270 Held, petitioner is not entitled to a deduction under sec. 215, I.R.C. 1954, for payments made to his wife pursuant to an oral agreement; held further, petitioner is not entitled to file as a head of household for 1976; held further, petitioner is not entitled to a theft loss deduction in excess of the amount allowed by respondent. Arthur Houlihan, pro se. Michael A. DeLuca, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $1,766 in petitioner's 1976 Federal income tax. The issues for decision are: 1. Whether payments of $1,200 made by petitioner to his wife are deductible under section 215[1]; 2. Whether petitioner is entitled to file his 1976 Federal income tax return as a head of household; and 3. Whether petitioner is entitled to a theft loss deduction in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Arthur Houlihan (hereinafter petitioner) resided in Brooklyn, New York, when he filed his 1976 Federal income tax return and when he filed his petition in this case. Throughout 1976, petitioner was married, but lived apart from his wife. Petitioner has four children who resided with their mother, petitioner's wife, during 1976. Petitioner claimed only the four children as dependents on his 1976 return. *273 During 1976, petitioner paid $5,800 to his wife for the support of her and their four children. Pursuant to an oral agreement between petitioner and his wife, $1,200 of this amount was intended as alimony and the remainder was intended as child support. There was no decree or any written agreement or instrument with respect to these payments. In 1976, petitioner reported two separate burglaries of his apartment to the New York City Police Department. As a result of these burglaries, petitioner claimed a deduction of $3,530 on his 1976 return for the theft of various items of personal property. Respondent disallowed all but $1,300 of this deduction. Petitioner also claimed a deduction of $1,200 for alimony and used the head of household tax rates provided in section 1(b) to calculate his Federal income tax. Respondent denied the claimed alimony deduction and also determined that petitioner did not qualify for head of household filing status but must use the tax rates for married individuals filing separately set forth in section 1(d). OPINION The first issue for decision is whether payments of $1,200 made during 1976 by petitioner to his wife pursuant to an oral agreement *274 are deductible as alimony under section 215. Section 215 allows a husband to deduct certain payments made to his wife if those payments are includable in her gross income under section 71. Section 71(a) provides that such payments are includable in the wife's gross income if they are made under: (1) a decree of divorce or separate maintenance or a written instrument incident to such divorce or separation; (2) a written separation agreement; or (3) a decree for support. It is clear that an oral agreement will not suffice for purposes of section 71(a). Herring v. Commissioner,66 T.C. 308, 311 (1976). Accordingly, since the payments petitioner made were not pursuant to a decree, a written agreement, or a written instrument, he is not entitled to a deduction under section 215. We must now consider whether petitioner is entitled to file his 1976 Federal income tax return as a head of household. In order to be entitled to file as a head of household under section 1(b), a taxpayer must satisfy the definitional requirements of section 2(b) which provides, in part, as follows: (1) In general.--For purposes of this subtitle an individual shall be considered a head *275 of household if, and only if, such individual is not married at the close of his taxable year, * * *, and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, * * *, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 * * *. On his 1976 return, petitioner claimed his four children as dependents. The record clearly establishes that in 1976 none of petitioner's children resided with him. Therefore, since petitioner did not maintain as his home a household which was the principal place of abode of at least one of his children, he cannot file his 1976 Federal income tax return as a head of household. Manningv. Commissioner,72 T.C. 838 (1979); Herring v. Commissioner, supra at 311. The remaining issue for decision is whether petitioner is entitled to a theft loss deduction in excess of the amount allowed by respondent. *276 Section 165(a) allows "as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." Pursuant to section 165(c)(3), an individual is entitled to deduct losses of nonbusiness property arising from theft to the extent any such loss exceeds $100. The burden of proving a deductible loss and the amount thereof is on the taxpayer. Burnet v. Houston,283 U.S. 223, 227 (1931). The amount of the theft loss deduction allowed under sections 165(a) and 165(c)(3) is the lesser of the fair market value or the adjusted basis of the stolen property. Secs. 1.165-8(a), (c) and 1.165-7(b), Income Tax Regs.; Helvering v. Owens,305 U.S. 468, 471 (1939). Petitioner has failed to meet his burden of proof. The only evidence of fair market value in the record is the unsubstantiated valuations of petitioner as set forth in the New York City Police Department complaint reports concerning the burglaries. Furthermore, petitioner offered no evidence with respect to the adjusted basis of the stolen items. If the basis is not proven, the loss cannot be computed. Millsap v. Commissioner,46 T.C. 751, 760 (1966), *277 affd. without discussion of this issue, 387 F. 2d 420 (8th Cir. 1968). Accordingly, since petitioner has failed to prove that the amount of his loss exceeds the amount of the deduction respondent allowed, we must sustain respondent's determination. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩