KENNETH V. HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
No. 16655-81
United States Tax Court
T.C. Memo 1982-356; 1982 Tax Ct. Memo LEXIS 391; 44 T.C.M. (CCH) 256; T.C.M. (RIA) 82356; June 23, 1982
Kenneth V. Hall, pro se. Carol A. Szczepanik, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's Federal income tax in the amount of $ 464.00 for 1977 and $ 157.00 for 1978. The issues we must decide are (1) whether petitioner had income from gambling winnings in 1977, (2) whether petitioner has substantiated gambling losses in excess of his winnings in 1977 within the meaning *393 of section 165(d), [1] (3) whether petitioner is entitled to two dependency exemptions for his children in 1977 and one in 1978 pursuant to section 152(e), and (4) whether petitioner is entitled to head of household filing status in 1977. To facilitate the disposition of these issues, our findings of fact and opinion will be combined. None of the facts have been stipulated. The pertinent facts are set forth below. Issue 1. Gambling Winnings
Kenneth V. Hall is an individual who resided in Cleveland, Ohio, when he filed the petition in this case. He timely filed his 1977 and 1978 Federal income tax returns with the Internal Revenue Service Center at Cincinnati, Ohio. On December 11, 1978, Mr. Hall filed an amended return, Form 1040X, for calendar year 1977. On his amended return Mr. Hall reported race track winnings of $ 2,000 and losses of $ 4,000. He then deducted $ 2,000 of the loss against the winnings to produce a wash. No other items of income or deductions were reported on the amended return. In his statutory notice of deficiency, respondent *394 disallowed the $ 2,000 loss deduction for lack of substantiation, thereby increasing petitioner's income by the amount of his winnings at the race track. In 1977 and 1978 petitioner was employed as a tool crib attendant at Cleveland Crane and Engineering. He also worked as a clerk at a local race track and frequently placed bets on horses. At trial petitioner testified that he had made a mathematical error on his amended return and that he had had "no winnings whatsoever" from gambling in 1977. On cross examination petitioner admitted that he had bet on a horse in 1977 that had placed or won. [2] Section 61 requires the inclusion of gambling proceeds in income. Petitioner has failed to satisfy his burden of proving respondent's determination incorrect. [3]Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, we uphold respondent's determination. *395 Issue 2. Substantiation of Gambling Losses
On his amended return petitioner claimed a deduction of $ 2,000 in gambling losses. Respondent disallowed the losses in full for lack of substantiation. Section 165(d) provides that gambling losses may be deducted only to the extent of gambling winnings. [4] Petitioner has the burden of proving he suffered the gambling losses he claimed which respondent disallowed. Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. a Memorandum Opinion of this Court; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. a Memorandum Opinion of this Court. Section 1.6001-1(a), Income Tax Regs., requires taxpayers to keep records sufficient to establish the amount of gross income and deductions shown on their returns. This rule applies to wagering transactions. [5] Though petitioner may have sustained individual wagering losses over the course of the year, he has not presented sufficient evidence to establish the amount of such losses or his entitlement *396 to the gambling loss deduction. Donovan v. Commissioner, 359 F.2d 64 (1st Cir. 1966), affg. a Memorandum Opinion of this Court; Schooler v. Commissioner, 68 T.C. 867 (1977). Therefore, we conclude that none of the claimed losses are allowable. Accordingly, respondent's determination is sustained. Issue 3. Dependency Exemptions
Petitioner and his former wife Mildred were divorced in 1971. Under the divorce decree Mildred was awarded custody of two of their four children, Kenneth, Jr., and Kelly. [6] Petitioner was ordered to pay $ 15.00 per week per child for child support plus necessary medical and dental expenses. The decree did not specify that petitioner would be entitled to the dependency exemptions, nor did petitioner and his former wife execute an agreement to that effect. In 1977 petitioner claimed both children as dependents on his tax return; in 1978 he claimed only Kenneth, Jr. Respondent disallowed all three exemptions. *397 Section 152(e) provides specific rules in the case of divorced or separated parents for determining which parent is entitled to the dependency exemption allowed by section 151(e) with respect to children born of that marriage. Section 152(e)(2)(B) establishes a $ 1,200 per child minimum that the noncustodial parent must pay in order to be considered for the deduction in the absence of a written agreement between the parties or provision in the decree of divorce or separate maintenance allocating the deduction to the noncustodial parent. Once this threshhold requirement has been satisfied, the burden shifts to the custodial parent or, in his or her absence, to respondent to clearly establish that the custodial parent contributed more to the support of the child or children than the noncustodial parent did. In the instant case, petitioner, the noncustodial parent, has not demonstrated that he paid $ 1,200 per child during the years before the Court. He produced no probative evidence on this issue. The divorce decree provided for payments *398 of $ 780 per child. Petitioner testified that each year at tax time he and his wife would decide who would take the exemptions for the children. Although he testified he gave his former wife $ 50 per week for child support, his testimony was uncorroborated. [7]
We conclude that petitioner has failed to establish that he contributed the required minimum amount of $ 1,200 to Kenneth, Jr.'s support in 1977 and 1978 and Kelly's support in 1977. Consequently, we need not address the question whether respondent clearly established that Mildred provided more support for Kenneth, Jr. and Kelly than petitioner did. Issue 4. Filing Status
Petitioner filed as a head of household in 1977. At trial he testified that he maintained an apartment where his children visited on weekends *399 and vacations. Section 1(b) provides that to be entitled to use head of household filing rates, a taxpayer must satisfy the definitional requirements of section 2(b). First, he must be unmarried at the close of the taxable year and, second, he must maintain a home which is the principal place of residence of at least one of his children. The record clearly shows that in 1977 none of petitioner's children resided with him. Accordingly, he is not entitled to file as a head of household in 1977. Manning v. Commissioner, 72 T.C. 838 (1979). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue.↩
2. Similarly, petitioner admitted that he had wagering proceeds in 1977 in his petition to this Court for the redetermination of his 1976 Federal income tax liability. T.C. Summary Opinion 1980-258. ↩
3. After trial of the current case petitioner submitted to the Court, over respondent's objection, a purported tally of his wins and losses at the race track between May 1 and September 17, 1977. This document has no probative value because respondent had no opportunity to cross examine the petitioner on the figures listed, nor is there any proof the record was made contemporaneously with the races. However, we note petitioner listed a total of $ 2,180 in winnings for the four and one-half month period covered on the tally sheet.↩
4. Section 165(d). Wagering Losses. -- Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.↩
5. As noted in footnote 3, in support of his claim petitioner submitted after trial a xerox copy of a purported tally of wins and losses from May 1 through September 17, 1977, which we have not considered.↩
6. The other two children, Judith and Kimberly, were placed under the jurisdiction of juvenile court. Their support is not in issue here.↩
7. The Court has not taken into consideration a xerox copy of a purported receipt from petitioner's former wife which petitioner submitted to the Court following the trial over respondent's hearsay objection. However, we note that the receipt verifies the support payments ordered in the divorce decree which total only $ 780 per child per year, well below the minimum required in section 152(b)(2)(B).↩