T.C. Summary Opinion 2003-129

UNITED STATES TAX COURT

RUDOLPH STEPHEN HERETICK, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 528-02S.                    Filed September 15, 2003.

Rudolph Stephen Heretick, Jr., pro se.

<u>T. Keith Fogg</u>, for respondent.


    COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

    Respondent determined a deficiency of $3,474 in petitioner's

_____

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

Federal income tax for 1999.

The sole issue for decision is whether petitioner is entitled to head-of-household filing status under section 2(b). The parties agree that petitioner's status as head-of-household depends upon whether petitioner's home at Disputanta, Virginia, was "the principal place of abode" for Maggie Elizabeth Heretick, petitioner's adult unmarried daughter.

Some of the facts were stipulated and are found accordingly. The stipulation and attached exhibits are incorporated herein by reference. Petitioner was a resident of Disputanta, Virginia, at the time the petition was filed.

Petitioner and his wife divorced in 1981. They had one child, Maggie Elizabeth Heretick (Maggie), who was born in 1977. In the divorce decree, petitioner's former wife was awarded the care and custody of Maggie; however, over the years, she allowed petitioner to claim Maggie as a dependent on his Federal income tax returns. Several years after his divorce, petitioner fathered another child, Christopher, in a "different relationship".

On his Federal income tax return for 1999, petitioner claimed a dependency exemption deduction for Maggie and listed, but did not claim, Christopher as a dependent.[2] When

---

[2] Petitioner claimed a child care credit with Christopher as
(continued...)

petitioner's return was processed, the Internal Revenue Service assumed petitioner intended to claim a dependency exemption deduction for Christopher and adjusted his return to allow Christopher as a dependent. The resulting overpayment in tax was refunded to petitioner. Petitioner also claimed head-of-household filing status on his 1999 return.

In the notice of deficiency, respondent disallowed the two dependency exemption deductions, disallowed the child care credit, and determined petitioner's filing status as single. At trial, respondent conceded petitioner's entitlement to the dependency exemption deduction for Maggie. Petitioner conceded he was not entitled to the dependency exemption deduction for Christopher and the child care credit. Petitioner, however, maintained his claim to head-of-household filing status on the ground that, during 1999, he maintained a household that was the principal place of abode for his daughter, Maggie.

Maggie was 22 years old during 1999. In the divorce decree, many years earlier, she was placed in the custody of her mother. Upon graduation from high school in 1995, Maggie enrolled as a full-time student at the University of Richmond at Richmond, Virginia. She graduated with a bachelor of science degree in physical science in May 1999. She then entered Medical College

---

[2](...continued)
the qualifying child.

of Virginia, also at Richmond, and thereafter graduated with a degree in sports medicine.

During her college career, including the year at issue, Maggie lived in Richmond, Virginia, in university dormitories. During summer breaks, she alternated living with petitioner and her mother. After Maggie received her degree, but before entering the Medical College of Virginia, she worked on a research project for one of the professors at the Medical College of Virginia. About that time, Maggie rented an apartment in Richmond. Although Maggie occasionally visited both parents from time to time, she never moved to either petitioner's home or his former wife's home. Petitioner maintained a room for her at his home, where Maggie kept clothes and personal belongings. Petitioner acknowledged, however, he was sure that Maggie had similar arrangements with his former wife (Maggie's mother). There is no evidence that Maggie lived with her father, or even her mother, on a permanent basis, or that she intended to do so during 1999.

In the notice of deficiency, respondent determined that Maggie's "principal place of abode" during 1999 was not with petitioner, and, therefore, petitioner was not entitled to head of household filing status for that year.

Section 2(b) provides generally that an individual shall be considered as a head-of-household if such individual is not

married at the close of the taxable year and maintains as his home a household which constitutes, for more than one-half of such taxable year, the "principal place of abode" of a son, stepson, or daughter of the taxpayer (as well as other individuals not pertinent here). The only question whether petitioner qualifies for head-of-household filing status is whether Maggie's principal place of abode was with him during 1999. Petitioner was not married during 1999.

Section 1.2-2(c)(1), Income Tax Regs., provides, in pertinent part:

> The taxpayer and such other person will be considered as occupying the household * * * notwithstanding <u>temporary absences from the household due to special circumstances</u>. A nonpermanent failure to occupy the common abode by reason of illness, education, business, vacation, military service, or a custody agreement * * *, shall be considered temporary absence due to special circumstances. <u>Such absence will not prevent the taxpayer from being considered as maintaining a household if (i) it is reasonable to assume that the taxpayer or such other person will return to the household, and (ii) the taxpayer continues to maintain such household or a substantially equivalent household in anticipation of such return.</u> [Emphasis added.]

The validity of this regulation was upheld by this Court in <u>Grace v. Commissioner</u>, 51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969).

Section 12(c) of the Internal Revenue Code of 1939 and section 1(b) of the 1954 Internal Revenue Code, the predecessors of section 2(b) of the 1986 Code, contained substantially the

same language.  In enacting section 12(c), Congress intended that section:

> to apply where the taxpayer and such other members of the household live together in such household * * * (except for temporary absences due to special circumstances).  The fact that a child may be at college during the college term does not prevent the home of the taxpayer from also constituting the principal place of abode of the child.  <u>However, such home will not be considered as the principal place of abode where the child establishes a separate habitation and only returns for periodic visits.</u> * * * [H. Rept. 586, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 434; emphasis added.]

<u>Manning v. Commissioner</u>, 72 T.C. 838, 840 (1979).

In this case, for Maggie's absence to be "temporary" and for petitioner's household to be considered the principal place of abode for his daughter, petitioner must meet the following three requirements:  (1) The special circumstances or necessity of the absence must be a type intended by the statute; (2) it must be reasonable for petitioner to assume his daughter would return to the household; and (3) petitioner must have maintained the household in anticipation of such return.  <u>Id.</u> at 840-841.

The record does not support a conclusion that Maggie's absence from petitioner's home was temporary during 1999.  Maggie completed her undergraduate degree during 1999 at Richmond, Virginia, where she lived and worked part-time for 4 years.  She chose to stay in Richmond not only to continue working part-time but also to obtain an advanced degree.  More importantly, there

is no evidence that petitioner's daughter planned or intended to return to live with petitioner upon completion of her college career, nor did petitioner express any real expectation that his daughter would do so.  Blair v. Commissioner, 63 T.C. 214, 220 (1974), affd. 538 F.2d 155 (7th Cir. 1976); Prendergast v. Commissioner, 57 T.C. 475 (1972), affd. 483 F.2d 970 (9th Cir. 1973).

Therefore, the Court is unable to conclude that it was reasonable to assume that petitioner's daughter would return to his household or that petitioner maintained the household in anticipation of such return as required by section 1.2-2(c)(1), Income Tax Regs.  Accordingly, petitioner does not qualify as "head-of-household" under the facts and circumstances of this case.  Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.