**Clair SMITH, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 18958.**

United States Court of Appeals
Ninth Circuit.

June 3, 1964.

**672**

Aaron S. Rosenthal, Jack J. Rosenthal, Beverly Hills, Cal., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson and Fred Youngman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BARNES and BROWNING, Circuit Judges, and HALL, District Judge.

BARNES, Circuit Judge.

The simple question presented on this appeal is whether taxpayer was head of a household, as defined in § 1(b) (2) (A) (i), et seq. of the Internal Revenue Code of 1954.

It was stipulated that taxpayer maintained two homes, one in Nevada, one in California; that she paid more than one-half of the expenses of each home; that taxpayer was not married and was not a surviving spouse; that the home in California was maintained for taxpayer's adopted son, who lived in it and used it as

*his* principal place of abode as a member of that household.

The statute reads as follows:

"§ 1.  Tax imposed.

" * * *

"(b) *Rates of tax on heads of house-holds.—*

" * * *

"(2) Definition of head of household.—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either—

"(A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

"(i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a . descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

"(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

"(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.

For purposes of this paragraph and of section 2(b) (1) (B), an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.

"(3) *Determination of status.*—For purposes of this subsection—

"(A) a legally adopted child of a person shall be considered a child of such person by blood;

\* \* \*" (26 U.S.C.1958 ed., § 1).

Taxpayer, evidently a person of some means, claimed the deduction as "head of a household" for the years 1956, 1957 and 1958. Her "principal place of abode" during that time was Nevada; it was her domicile. During the three years mentioned, taxpayer spent eleven months of her time outside of both California and Nevada. She spent ten months in California and fifteen months in Nevada. Thus when not traveling, she spent sixty per cent of her time in Nevada and forty percent in California.

The Commissioner urges that a taxpayer cannot have two homes. The Commissioner states "it is clear that the taxpayer may have only one home within the meaning of the statute;" that "the term home is intended to be descriptive of a person's relationship to a dwelling as his fixed place of abode where he permanently resides and to which he always intends to return when away from it. Certainly there can only be one of such with respect to each taxpayer." We are cited to nothing in the statute which so provides.

■ A person can have but one domicile, but we see no reason why a person cannot have two homes. The statute requires that the *dependent* must be a member of a household which constitutes for such taxable year the principal place of abode of such dependent child or parent. But the language of the statute does *not* require that the *taxpayer* maintain the household for which he claims a deduction as *his* principal place of abode. It would have been simple for the Congress to have included that qualification had they wanted it. Nor do we read the legislative history or case authority [1] as requiring the taxpayer to have but one home

■ When the regulations adopted by the Treasury state: "The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer," they go beyond the statute, if, by the verb "occupy," they require a physical personal occupancy. If they require but a token or implied occupancy, then under the facts of this case that token or implied occupancy has existed.

■ The Commissioner may not prescribe any regulations which are not consistent with the statute; or which may add a restriction to the statute which is not there. United States v. Marett, 5 Cir.1963, 325 F.2d 28, Coady v. Commissioner, 33 T.C. 771, 779, affirmed 289 F.2d 490 (6 Cir. 1961). He may not impose a tax by regulation. C.I.R. v. Acker, 1959, 361 U.S. 87, 92, 80 S.Ct. 144, 4 L.Ed.2d 127.

■ We agree with the dissenting opinion in the Tax Court, and reverse. Mrs. Smith is entitled to claim a deduction as "Head of a Household." The Congress granted the tax advantage to one in her position, and did so intentionally.

We need not meet the question of whether there existed "a temporary absence due to special 'business' " circumstances, under the facts of this case (such as the tax consequences of a domicile in Nevada)—an escape clause presently existing in the regulations adopted.

Reversed.

---

1. The Senate report does refer to an intention that the household for which deduction is claimed should constitute the actual place of abode of the taxpayer; but does not refer to any requirement of days or weeks or months to make it "actual," or that it must become the "principal" place of abode. Cf. U.S.Code, Cong. and Adm.Service 1951, Vol. II, p. 1893 to p. 1894, Floor Discussion, House, p. 1946, Conference Report, p. 2124.