Mabelle W. **ROBERTS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 50703.

United States District Court,
N. D. California.

Dec. 19, 1971.

---

---

Richard L. Greene, of Bronson, Bronson & McKinnon, San Francisco, Cal., for plaintiff.

Gary Shelton, Asst. U. S. Atty., for James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OPINION

WOLLENBERG, District Judge.

The issue presented in this tax refund suit is simply stated: Is the taxpayer, who maintained her own apartment in which she alone resided, nevertheless entitled to head of household status on the ground that she also lived for a portion of the year in a household which constituted the principal place of abode of her dependent daughter and grandchildren?

A stipulation of facts has been filed and the case submitted without oral testimony by either party. It is clear that during the years for which the refunds are sought, 1964 and 1965, the taxpayer maintained first one and then another apartment in San Francisco where she resided alone. During that period, her daughter and grandchildren occupied another apartment in San Francisco, which was some two miles distant from one apartment of the taxpayer and one and one-half blocks from the second apartment of the taxpayer. During the years in question, the taxpayer was the sole source of support of her daughter and grandchildren and gave her daughter in excess of ten thousand dollars each year for that purpose. From those funds, the daughter, Constance, rented the apartment in which she and her children lived (the Pierce Street apartment).

In order to qualify for head of household status, it is not enough for the taxpayer to furnish total support for eligible dependents. Under the statute, it is also necessary that the taxpayer "maintains as his home a household which constitutes . . . the principal place of abode, as a member of such household, of [various named relatives] . . . . " Int.Rev.Code (1954) § 1(b)(2). If the matter were one of initial impression, there might well be substantial doubt that a taxpayer could qualify under that section when he was maintaining one home in which he lived alone and paid the expenses at another residence which constituted the principal place of abode of eligible dependents, even assuming the taxpayer spent a substantial amount of time at the residence of his dependents. The statute seems to contemplate that the taxpayer actually live where the dependents live. The legislative history cited by the defendant would bear out that impression. In that posture, the fact that the taxpayer here, during the years in question, spent some fifty to sixty days and nights at the Pierce Street apartment, and that those stays were occasioned by illness of either the taxpayer or her daughter, would not change the conclusion that the taxpayer had not met the statutory requirements.

This Court, however, is not writing on a clean slate. The Ninth Circuit has already spoken in a case which must be considered as having some bearing on the issue here. Smith v. Commissioner, of Internal Revenue 332 F.2d 671 (9 Cir. 1964), involved a taxpayer who maintained residences both in Reno, Nevada, and Beverly Hills, California. She was domiciled in Nevada, but her dependent son resided at the Beverly Hills residence. When not traveling, the taxpayer divided her time rather equitably between the two residences. The Ninth Circuit held she qualified for head of household status. The defendant's criticism of that decision is simply irrelevant

**1190**

before this Court, for it is binding. It is clear that there are real differences between that case and this, however.

■ There the taxpayer owned both homes and maintained them herself. Here the taxpayer rented her residence and furnished support to Constance and the children, part of which support was used by Constance to rent the Pierce Street apartment. There the taxpayer's time was nearly evenly divided between the two residences when she was not traveling, but here the division was approximately 85% in her own residence and 15% at the Pierce Street apartment. There the two residences were separated by hundreds of miles; here, by two miles, and later by less than two blocks. Assuming that *Smith* stands for the proposition that a taxpayer may qualify for head of household status with two residences even though the dependents remain at one, still this case must be regarded as an altogether different matter.

A review of the agreed facts and the depositions which were stipulated to be received in evidence clearly points to the conclusion that the taxpayer did nothing more than visit or reside temporarily with her daughter and grandchildren, all of whom she was supporting. Everyone involved treated the Pierce Street apartment as the home of Constance and her children, a home in which the taxpayer was a welcome guest. An analysis of the statutory requirements in the light of the legislative history compels the conclusion that *Smith* does not cover and cannot be extended to cover the facts of this case. The plaintiff taxpayer here was not entitled to head of household status and is, therefore, entitled to no refund. In accordance with Rule 52(a), F.R.Civ.P., this opinion constitutes the Findings of Facts and Conclusions of Law herein. Let judgment be entered accordingly.