**James J. PRENDERGAST, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 72–1644.

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1973.

Raymond D. Torbenson, Torbenson, Thatcher, Burns & McGrath, Seattle, Wash., for petitioner.

Lee H. Henkel, Jr., Acting Chief Counsel, IRS, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennett N. Hollander, Gary R. Allen, Tax Div., Dept. of Justice, Washington, D. C., for respondent.

Before MERRILL, TRASK and CHOY, Circuit Judges.

MERRILL, Circuit Judge:

Petitioner seeks review of a decision of the Tax Court, 57 T.C. 475, upholding the Commissioner's determination of a deficiency in taxpayer's 1967 income tax. The issue presented is whether the Tax Court correctly decided that taxpayer did not qualify as a head of a household, since the household maintained by taxpayer for himself and his son was

not the son's principal place of abode for the entire taxable year.

Section 2(b) of the Internal Revenue Code, 26 U.S.C. § 2(b), provides:

"For purposes of this subtitle, an individual shall be considered a head of household if, and only if, such individual is not married at the close of his taxable year, and is not a surviving spouse (as defined in subsection (a)), and either—

(A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

(i) a son * * *."

During the period in question taxpayer maintained as his residence a home in Bothell, Washington. His son, then 26 years old, lived with taxpayer during a part of 1964 after returning from military service. During the next two and a half years, he was away from home while attending college. Following his graduation from college, in March, 1967, he returned to taxpayer's home and resided there until September, 1967, when he moved to a rented home with two other young men, taking with him the greater part of his personal belongings and leaving behind out-of-season clothing and sportswear and discarded books. In May, 1968, the son returned to taxpayer's home for a three-month period, after which he lived elsewhere until he was married in 1969.

Taxpayer computed his income-tax liability for 1967 on the basis of a head of a household under § 1(b) of the Code. The Commissioner determined that he did not qualify for these rates and computed a deficiency. The Tax Court sustained this determination.

The Commissioner's ruling was based on the fact that during the latter part of 1967, from September on, taxpayer's son was not living at taxpayer's home and thus that home was not the son's principal place of abode for the entire year.

Taxpayer contends that since his home was his son's place of abode for the greater part of the year, it was, for that year, his son's principal place of abode. He thus reads "principal place of abode" to mean "place of abode for the principal part of the year."

This is not what the Code provides. The taxpayer's home must be his son's principal place of abode "for such taxable year." By regulation, the Service construes this to mean for the entire taxable year. 26 C.F.R. 1.2–2(c). That this construction is in accordance with congressional intent is clear from legislative history. S.Rep. No. 781, 82d Cong., 1st Sess., 9, 14; H.Rep. No. 586, 82d Cong., 1st Sess., 9, 106.

Taxpayer, in support of his contention, relies on the decision of this court in Smith v. CIR, 332 F.2d 671 (9th Cir. 1964). That case, however, did not question the regulation's requirement that the household must, for the entire year, meet the necessary standard. There we held the regulation in question to be contrary to the provisions of the Code in that it required the household to be the taxpayer's principal place of abode as well as that of his dependent. The Code makes no such requirement. As to the taxpayer, it requires only that the household be his home. We noted that a taxpayer may well have more than one home and that the Code places no restrictions on the manner in which he divides his occupancy between them. Not so, however, with the son. As to the son, the household must be his principal place of abode. "Principal" does not permit of multiplicity.

Judgment affirmed.