ROBERT L. WARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 18502-82.
United States Tax Court
T.C. Memo 1985-55; 1985 Tax Ct. Memo LEXIS 576; 49 T.C.M. (CCH) 686; T.C.M. (RIA) 85055; February 5, 1985. Robert L. Ward, pro se. Gary A. Benford, for the respondent. GOFFE
*686 MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $1,258.87. The issue for decision is petitioner's filing status for the taxable year 1977. *687 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. During the taxable year in issue, petitioner was employed by the Internal Revenue Service. Petitioner resided in Mesquite, Texas, when he filed his petition. Prior to 1967, petitioner married Bonnie Anne Broome (hereinafter sometimes referred to as "Broome"). Four children were born of this marriage. On September 16, 1977, Broome *578 filed a petition for divorce in state court in Edmond, Oklahoma. On the same day, the Oklahoma State court issued a temporary order which, among other things, directed petitioner to remove himself from the family residence within 24 hours. Petitioner moved out of the family residence on September 19, 1977. Broome and the four children continued to live in the family residence until August 1978 when they moved to another residence, also in Edmond, Oklahoma. After petitioner removed himself from the family residence on September 19, 1977, he never again resided with Broome or the four children. Soon thereafter, petitioner filed a cross petition for divorce in the Oklahoma State court. On April 26, 1978, the Oklahoma court granted petitioner and Broome a divorce from each other. *3 Petitioner filed a Federal income tax return for the taxable year 1977, dated January 16, 1978, with the Internal Revenue Service Center in Austin, Texas. Petitioner claimed head-of-household filing status on this return and claimed his four children as dependents. Petitioner's former spouse (Broome) filed a Federal income tax return dated April 15, 1978, for the taxable year 1977. She *579 claimed her filing status on this return as "[m]arried filing separately" and also claimed her four children as dependents. Broome reported wages in the amount of $439.88 on her return. On February 20, 1981, petitioner and his former spouse conversed concerning their Federal income tax liabilities for the 1977 taxable year. Petitioner suggested that they file an amended joint Federal income tax return for the 1977 taxable year in order to save approximately $1,000 in Federal income taxes. Petitioner's former spouse initially agreed to the proposal but decided to consult her accountant before doing anything further. Petitioner's former spouse subsequently contacted petitioner and proposed that she would file an amended joint return with petitioner on the condition that he purchase her a new washer and dryer. Petitioner declined to accept this proposal and also rejected her suggestion that he pay her $700 for agreeing to file an amended joint return with with her. At some point in these *4 discussions between petitioner and his former spouse, he handed her a completed amended return form (Form 1040X) and asked her to sign it and she refused. Petitioner mailed the Form *580 1040X, dated April 8, 1981, and purporting to constitute an amended joint Federal income tax return for the taxable year 1977 on behalf of Broome and himself, to the Internal Revenue Service. Although petitioner's former spouse did not sign the amended return, petitioner listed both of their names on the form and claimed a filing status as "[m]arried filing joint return." The Commissioner took no action with respect to the Form 1040X. In a timely notice of deficiency, the Commissioner determined that petitioner was not entitled to an unmarried head-of-household filing status and attendant tax rates as he: (1) was married and not legally separated on the last day of the taxable year 1977 and; (2) did not furnish over one-half of the total cost of maintaining a household for the entire taxable year for at least one of his children. [1] The Commissioner, therefore, computed petitioner's income tax liability utilizing the married filing separately tax rates. *5 OPINION The issue *581 for decision is petitioner's filing status for the taxable year 1977. In his petition, petitioner contends that the Commissioner erred in disallowing his computation of his Federal income tax liability for the taxable year 1977 utilizing the head-of-household tax rates and in not accepting the amended Federal income tax return for the taxable year 1977 dated April 8, 1981. In his prayer for relief, petitioner asks that this Court "determine that there are no deficiencies due for the year 1977 and that Petitioner's amended joint return satisfies Petitioner's entire tax liability for the year 1977." [2]
The first matter we will decide is whether petitioner is entitled to compute his Federal income tax liability for the taxable year 1977 utilizing the head-of-household tax rates set forth in section 1(b). [3]Section 2(b)[4] sets forth the applicable *6 definition of *582 a head of household. *583 Although petitioner contends that he is entitled to compute his Federal income tax liability for the taxable year 1977 utilizing the head-of-household tax rates by reason of section 2(b)(2)(B), we need not decide whether he qualifies as unmarried *7 under this provision [5] for he has failed to satisfy a threshold requirement in the regulations attendant to section 2(b)(1). More specifically, section 1.2-2(c)(1), Income Tax Regs., which sets forth special rules concerning the household in which qualifying heads of household must reside, provides that: (c) Household. (1) In order for a taxpayer to be considered as maintaining a household by reason of any individual described in paragraph (a)(1) or (b)(3) of this section, the household must actually constitute the home of the taxpayer for his taxable year. A physical change in the location of such home will not prevent a taxpayer from qualifying as a head of a household. Such home must also constitute the principal place of abode of at least one of the persons specified in such paragraph (a)(1) or (b)(3) *584 of this section. It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. However, the fact that such other person is born or dies within the taxable year will not prevent the taxpayer from qualifying as a head of household if the household constitutes the principal place of abode of such other person for the remaining or preceding part of such taxable year. The taxpayer and such other person will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances. A nonpermanent failure to occupy the common abode by reason of illness, education, business, vacation, military service, or a custody agreement under which a child or stepchild is absent for less than 6 months in the taxable year of the taxpayer, shall be considered temporary absence due to special circumstances. She absence will not prevent the taxpayer from being considered as maintaining a household if (i) it is reasonable to assume that the taxpayer or such other person will return *585 to the household, and (ii) the taxpayer continues to maintain such household or a substantially equivalent household in anticipation of such return. [Emphasis added.] *8 In the instant case, the parties do not dispute that petitioner did not reside with any of his four children for the entire taxable year 1977 as petitioner permanently removed himself from the family residence on September 19, 1977, in accordance with the Oklahoma State court's September 16, 1977, temporary order. It follows, therefore, that petitioner has failed to satisfy the requirements of section 1.2-2(c)(1), Income Tax Regs., which generally requires qualifying heads of household to reside with their dependents for the entire taxable year. Petitioner's reliance on Prendergast v. Commissioner,57 T.C. 475 (1972), affd. 483 F.2d 970 (9th Cir. 1973), and Smith v. Commissioner,332 F.2d 671 (9th Cir. 1964), revg. 40 T.C. 591 (1963), *586 for the proposition that his home need not coincide with his childrens' household for the entire taxable year in order to qualify as a head of household is misplaced. In Prendergast v. Commissioner,supra at 971, the Court of Appeals for the Ninth Circuit reviewed its earlier Smith opinion and stated: The taxpayer's home must be his son's principal place of abode "for such taxable year." By regulation, the Service construes this to mean for the entire taxable year. 26 C.F.R. 1.2-2(c). That this construction is in accordance with congressional intent is clear from legislative history. S.Rep. No. 781, 82d Cong., 1st Sess., 9, 14; H.Rep. No. 586, 82d Cong., 1st Sess., 9, 106. Taxpayer, in support of his contention, relies on the decision of this court in Smith v. CIR, 332 F.2d 671 (9th Cir. 1964). That case, however, did not question the regulation's requirement that the household must, for the entire year, meet the necessary standard. There we held the regulation in question to be contrary to the provisions of the Code in that it required the household to be the taxpayer's principal *9 place of abode as well as that *587 of his dependent. The Code makes no such requirement. As to the taxpayer, it requires only that the household be his home. We noted that a taxpayer may well have more than one home and that the Code places no restrictions on the manner in which he divides his occupancy between them. Not so, however, with the son. As to the son, the household must be his principal place of abode. "Principal" does not permit of multiplicity. [Emphasis added.] Accord, Muse v. United States,434 F.2d 349 (4th Cir. 1970). See Grace v. Commissioner,51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969). Cf. Williams v. Commissioner,53 T.C. 58 (1969), affd. 441 F.2d 1168 (9th Cir. 1971). Further, in Prendergast v. Commissioner,supra at 482, this Court observed that the factual situation present in Smith was factually distinguishable in that Smith simultaneously maintained several homes throughout the entire taxable year. That situation is not present here. Accordingly, petitioner is not entitled to claim head of household filing status for the taxable year 1977. Prendergast v. Commissioner,supra. *588 In the alternative, petitioner contends that the Commissioner erred in not accepting a Form 1040X, which was only signed by petitioner, as an amended joint Federal income tax return on behalf of petitioner and Broome for the taxable year 1977. With respect to this argument, petitioner bears the burden of proving his position to be correct. Rule 142(a). A joint return generally must be signed by both spouses. Sec. 1.6013-1(a)(2), Income Tax Regs. The parties agree, however, that an exception to this general rule exists where the *10 spouses intended to file a joint return. Hennen v. Commissioner,35 T.C. 747, 748 (1961); Heim v. Commissioner,27 T.C. 270, 273 (1956), affd. 251 F.2d 44 (8th Cir. 1958). Whether a return is a joint return in the absence of the signature of both spouses is a factual issue based on the intention of all of the parties. Gaynes v. United States,454 F.2d 1142, 1143 (5th Cir. 1972); *589 Estate of Campbell v. Commissioner,56 T.C. 1, 12 (1971). After reviewing the meager record in this case, we hold that petitioner has failed to carry his burden of proving that his former spouse intended to file an amended joint Federal income tax return with petitioner for the taxable year 1977. Rule 142(a). When petitioner approached her concerning the amended joint return proposal, she had already filed an individual income tax return reporting her taxable wages for that year. Further, she consistently refused to sign the Form 1040X despite petitioner's repeated efforts to have her execute it. [6] Accordingly, petitioner is not entitled to joint return filing status for the taxable year 1977.
Decision will entered for the respondent.
Footnotes
1. Respondent has conceded on brief that petitioner did furnish at least one-half of the total cost of maintaining a household for the entire taxable year for at least one of his children.↩
2. We infer from petitioner's petition and arguments on brief that his claims that he is entitled to either head-of-household or joint return tax rates in computing his Federal income tax liability for the taxable year 1977 are made in the alternative. Rule 31(c), Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue and all rule references are to this Court's Rules of Practice and Procedure. ↩
4. (b) DEFINITION OF HEAD OF HOUSEHOLD.-- (1) IN GENERAL.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. (2) DETERMINATION OF STATUS.--For purposes of this subsection-- (A) a legally adopted child of a person shall be considered a child of such person by blood; (b) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;↩
5. Petitioner relies primarily upon this Court's decision in Boyer v. Commissioner,79 T.C. 143 (1982), revd. 732 F.2d 191↩ (D.C. Cir. 1984), in support of this claim.
6. These facts distinguish Riportella v. Commissioner,T.C. Memo. 1981-463↩, which was the only case cited by petitioner in his briefs on this matter.