**In re LANDSTROM DISTRIBUTORS, INC., Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**LANDSTROM DISTRIBUTORS, INC., Defendant.**

**Bankruptcy No. LA 84–11918–JD.
Adv. No. M4–10458–JD.**

United States Bankruptcy Court, C.D. California.

Dec. 12, 1985.

Pachulski, Stang & Ziehl, Los Angeles, Cal., for trustee.

Robinson, Wolas & Diamant, Los Angeles, Cal., for debtor.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civil Div., Hugh W. Blanchard, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

The basic issue in this case is whether the automatic stay of 11 U.S.C. § 362(a) is applicable to the criminal fine imposed upon the debtor by the United States District Court for the Central District of California. If the basic issue is answered in the affirmative, a subsidiary issue arises as to whether this court should vacate the automatic stay to allow the fine to be collected out of the assets of the debtor's estate. If the basic issue is answered in the negative, a subsidiary issue arises as to whether this court under 11 U.S.C. § 105 should enjoin the collection of the criminal fine out of the assets of the debtor's estate.

## FACTS

During 1981 the United States of America prosecuted the debtor, Landstrom Distributors, Inc. ("Landstrom") for price fixing in violation of Section 1 of the Sherman Act; and on or about June 12, 1981 a jury in the United States District Court for the Central District of California found Landstrom guilty of price fixing. By judgment filed on September 10, 1981, U.S. District Court Judge A. Wallace Tashima ordered Landstrom to pay a criminal fine of $65,000 to the United States.

Under the judgment filed on September 10, 1981, payment of the criminal fine imposed on Landstrom was stayed pending Landstrom's appeal of its conviction. Following Landstrom's unsuccessful appeal, Judge Tashima ordered Landstrom to pay the $65,000 fine in monthly installments of $5,000, commencing on April 1, 1983, and further ordered that any delinquency in payment would cause the entire amount to be due and payable. Landstrom has paid only $25,000 of the criminal fine and has not made a monthly payment since April 9, 1984.

On or about June 15, 1984, Landstrom filed a voluntary petition under Chapter 11 of the Bankruptcy Code; and on or about September 19, 1984, the United States filed a Proof of Claim with respect to the outstanding criminal fine owed by Landstrom.

On October 9, 1984, the United States of America filed a complaint to remove the automatic stay order; and on February 6, 1985, the United States filed a motion for summary judgment. At the hearing on March 5, 1985, this court denied the motion of the United States for summary judgment to the extent that the criminal fine is to be collected from assets of the bankruptcy estate and instead granted summary judgment to that extent in favor of the debtor. The court ruled that if the debtor has assets that are assets other than those of the bankruptcy estate the fine may be collected from those assets.

## LEGAL ANALYSIS

### The Automatic Stay Is Applicable To The Collection of Criminal Fines

█ At the outset it must be recognized that two district courts have held that 11 U.S.C. § 362(a) does not prevent the enforcement of a criminal fine: *134 Baker Street, Inc. v. State of Georgia*, 47 B.R. 379 (D.C.N.D.Ga.1984) and *United States v. Troxler Hoisery Co., Inc.*, 41 B.R. 457 (D.C.M.D.N.C.1984), appeal pending. However, these two decisions, since they arose out of another district as well as another circuit, are not binding on this court. Cf. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457, footnote 13 (9th Cir.1977); *In Re Perry*, 48 B.R. 591, 596 (Bkrtcy.M.D. Tenn., 1985, footnote 6).

This court is bound to follow decisions of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the Bankruptcy Appellate Panels for the Ninth Circuit and the United States District Court for the Central District of California. *Roberts v. United States*, 337 F.Supp. 1188, 1189–1190 (N.D.Calif.1971); *In Re Investment Sales Diversified, Inc.*,

49 B.R. 837, 846 (Bkrtcy.Minn.1985, footnote 7); *In Re V–M Corp.*, 23 B.R. 952, 954–955 (Bkrtcy.W.D.Mich.1982). However, as far as this court has been able to determine, the basic issue has not yet been decided by any of these courts. It would appear, therefore, that this court is free to render its decision on the basic issue notwithstanding the *Baker Street* and *Troxler* decisions, except to the extent that this court may be persuaded by the rationale of those decisions.

A review of the *Baker Street* and *Troxler* opinions leaves no doubt that the courts in those cases carefully considered the statutory provisions involved and their legislative history. However, this court is not persuaded that the courts in those cases reached the correct conclusion as to congressional intent with regard to the exceptions contained in subdivisions (1), (4), and (5) of 11 U.S.C. § 362(b). The pertinent provisions of 11 U.S.C. § 362(b) containing these exceptions provide:

"(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

\*　　\*　　\*　　\*　　\*　　\*

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (ᴀ)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;"

In the first place, this court is of the view that Congress did not intend the gen-

eral language of Section 362(b)(1) quoted above to encompass the collection of a criminal fine. The procedures for collecting criminal fines are essentially the same as the procedures for collecting any other money judgment, at least in this district.[1] In the view of this court, Congress did not intend to encompass within Section 362(b)(1) all of the procedures which may be employed to collect a criminal fine.

Moreover, the legislative history of Section 362(a) indicates that Congress intended that the automatic stay would stop *all* collection efforts. In House Report No. 95–595, 95th Congress, 1st Sess. (1977) at page 340, the following appears (see also Senate Report No. 95–989, 2nd Sess. (1978) at pages 54–55, U.S.Code Cong. & Admin. News 1978, 5787, at pages 5840, 6296:

> "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops *all* collection efforts, *all* harassment, and *all* foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." [Emphasis Added]

This court is of the view that Congress would not have used the all-inclusive language quoted above if it had intended the collection of criminal fines to continue notwithstanding the automatic stay.

Also, Sections 362(b)(4) and (5) of the Bankruptcy Code and their legislative history are indicative of congressional intent. With respect to Section 362(b)(5), House Report No. 95–595, *supra.* states at page 343 (see also Senate Report No. 989 at page 52), U.S.Code Cong. & Admin.News 1978, at pages 5838, 6299:

> "... Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. *Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.*" [Emphasis Added]

The rationale of the underlined portion of the above quotation would be equally applicable whether a governmental unit is collecting a criminal fine or some other money judgment. Earlier in House Report No. 95–595, *supra.*, it had been said at page 340, U.S.Code Cong. & Admin.News 1978, at page 6297:

> "The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that."

The courts in both *Baker Street* and *Troxler* reason that if Sections 362(b)(4) and (5) encompass criminal proceedings and penalties, Section 362(b)(1) would be rendered a nullity. It is suggested, however, that Congress by Section 362(b)(1) sought to make it clear that the "commencement or continuation of a criminal action or proceeding against the debtor" was excepted

---

1. Under Rule 69(a) of the Federal Rules of Civil Procedure, money judgments are enforced in accordance with the practice and procedure of the state in which the district court is held, in the absence of controlling federal statutes. *Duchek v. Jacobi,* 646 F.2d 415 (9th Cir.1981). And under Section 1214 of the California Penal Code a judgment for a fine "may be enforced in the manner provided for the enforcement of money judgments generally". Provisions in California for the enforcement of money judgments are set out in Sections 695.010 to 709.030 of the California Code of Civil Procedure, and discussed in 30 Cal.Jur.3d Enforcement of Judgments, §§ 1–251.

from the operation of the automatic stay. Whether an action or proceeding by a governmental unit is one to enforce such governmental unit's police or regulatory power may be subject to dispute. Cf. *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 554–555 (7th Cir.1985); *State of Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 775–776 (8th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982). Section 362(b)(1) to some extent eliminates this dispute as to a criminal action or proceeding.

That Congress did not intend to except the collection of criminal fines from the operation of the automatic stay is indicated by the fact that 11 U.S.C. § 726(a)(4) provides for the payment of fines during the bankruptcy liquidation process. Significant also is the fact that under 11 U.S.C. §§ 507 and 726 fines that are not compensation for actual pecuniary loss are payable only after all other creditors are paid. Under 11 U.S.C. § 726(a)(3) even late filed unsecured claims take priority over such fines.

In House Report No. 95–595, *supra.* at page 342, U.S.Code Cong. & Admin.News 1978, at page 6299 Congress made it clear that the "bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension ..." (see also, Senate Report No. 95–989, *supra.* at page 51), U.S.Code Cong. & Admin.News 1978, at page 5837. However, in the view of this court, Congress sought to achieve this result without disrupting the scheme for distribution provided for in the Bankruptcy Code.

Under 11 U.S.C. § 523(a)(7) an individual debtor is not discharged from any debt to the extent that such debt is for a fine "payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...". Cf. *In Re Carolyn Robinson*, 776 F.2d 30, (2nd Cir.1985); *Matter of Zarzynski*, 771 F.2d 304 (7th Cir.1985). And if a bankruptcy petition is filed in bad faith for the purpose of avoiding payment of a criminal fine and not for the purposes contemplated by the Bank-

ruptcy Code, such petition may be dismissed. Cf. *Furness v. Lilienfield*, 35 B.R. 1006 (D.C.Md.1983); *Matter of Martin*, 51 B.R. 490 (Bkrtcy.M.D.Fla.1985); *Matter of Winn*, 43 B.R. 25 (Bkrtcy.M.D. Fla.1984); *In Re Victory Construction Co.*, 9 B.R. 549 (Bkrtcy.C.D.Calif.1981).

However, in the absence of a dismissal for bad faith filing, this court concludes that the automatic stay of 11 U.S.C. § 362(a) is applicable to the collection of criminal fines.

### Subsidiary Issues

If, as this court has concluded, the automatic stay of 11 U.S.C. § 362(a) is applicable to the collection of the criminal fine in this case, this court declines to modify the automatic stay to allow the fine to be collected out of the assets of the debtor estate, since to do so would subvert the distribution scheme contemplated by the Bankruptcy Code. However, this court will modify the automatic stay, if necessary, to allow the fine to be collected out of assets which are not a part of the debtor's bankruptcy estate, if any such assets exist.

If the automatic stay of 11 U.S.C. § 362(a) is not applicable to the collection of the criminal fine in this case, the Chapter 11 trustee has requested this court to enjoin the collection of that fine from the assets of the debtor's estate pursuant to 11 U.S.C. § 105. This court is of the view, however, that an injunction under Section 105 should not issue without additional facts being made a part of the record to establish the prerequisites for injunctive relief, including specific facts relating to debtor's financial condition.