86 F.3d 1161
 77 A.F.T.R.2d 96-2338, 96-2 USTC P 50,375
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher DOUGLAS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70049.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Douglas appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of a deficiency in Douglas's federal income taxes for the tax year 1988 in the amount of $1,394.00. Douglas contends that the Tax Court erred by not allowing him three dependency exemptions on his 1988 tax return, not allowing him head-of-household filing status or dependent-care credit, and finding that he received a refund check. We have jurisdiction pursuant to I.R.C. § 7482(a)(1), and we affirm.
 
 
 3
 We review the factual findings of the Tax Court for clear error. See Wolf v. Commissioner, 4 F.3d 709, 712 (9th Cir.1993). It is well established that the Commissioner's determination enjoys a presumption of correctness, and the burden of proof rests on the taxpayer to establish an error in the Commissioner's determination. Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988).
 
 
 4
 Douglas contends that the Tax Court erred by finding that he was not entitled to claim three dependency exemptions. Douglas claimed entitlement to dependency deductions for his son, Christopher Deandre Douglas, his mother, Lizzie Mae Douglas, and an unrelated lifelong friend, Michael Earl Jernigan. This contention lacks merit.
 
 
 5
 Under the Internal Revenue Code, taxpayers receive an income tax exemption for each dependent "whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount," or "who is a child of the taxpayer and who has not attained the age of 19." I.R.C. § 151(c)(1). A dependent is defined as an individual over half of whose support is received from the taxpayer. I.R.C. § 152(a). A dependent includes a son, mother, or an unrelated individual, who has as his principal place of abode the taxpayer's home for the taxable year. I.R.C. § 152(a)(1), (4), (9).
 
 
 6
 First, Douglas testified that his son did not live with him in 1988. The record indicates that Christopher lived with his mother in 1988. Moreover, Douglas did not show how much he contributed to the support of his son, nor that he provided over half of his son's support. Therefore, Douglas is not entitled to a dependency exemption for his son. See I.R.C. §§ 151(c)(1), 152(a)(1).
 
 
 7
 Second, Douglas testified that his mother received payments of $285.00 a month ($3,420 for the year) from her ex-husband. Thus, Douglas's mother had a gross income in excess of the exemption amount, and Douglas is not entitled to a dependency deduction for his mother. See I.R.C. § 151(c)(1)(A), (d)(1)(B) (stating that the exemption amount for 1988 was $1,950).
 
 
 8
 Third, Douglas testified that his unrelated lifelong friend lived with him for eight and one-half months in 1988. Thus, Douglas was not entitled to a dependency exemption for his friend Jernigan because he was not a member of Douglas's household for the entire taxable year. See I.R.C. § 152(a)(9); Trowbridge v. Commissioner, 268 F.2d 208, 209 (9th Cir.1959) (per curiam).
 
 
 9
 Accordingly, the Tax Court's decision upholding the Commissioner's determination that Douglas was not entitled to three dependency exemptions was not clearly erroneous. See Wolf, 4 F.3d at 712.
 
 
 10
 Douglas also contends that he is entitled to head-of-household filing status. This contention lacks merit.
 
 
 11
 Under the Internal Revenue Code, an individual shall be considered a head of household if such individual is not married at the close of the taxable year, and maintains as his home a household which is for more than one-half of the taxable year the principal place of abode for a member of the household, if the taxpayer is entitled to claim such person as a dependent for the taxable year. See I.R.C. § 2(b). Because Douglas is not entitled to claim his son, mother, or friend as a dependent for 1988, Douglas is not entitled to file as a head of household for 1988. See id.; Prendergast v. Commissioner, 483 F.2d 970, 970-71 (9th Cir.1973). Accordingly, the Tax Court's decision upholding the Commissioner's determination that Douglas could not file as head of household was not clearly erroneous. See Wolf, 4 F.3d at 712.
 
 
 12
 Douglas also contends that he is entitled to a dependent care credit under I.R.C. § 21. This contention lacks merit.
 
 
 13
 An individual who maintains a household which includes a qualifying individual shall be allowed credit for household and dependent-care services necessary for gainful employment. I.R.C. § 21(a)(1). A qualifying individual is defined as a dependent of the taxpayer who is under thirteen and with respect to whom the taxpayer is entitled to a dependency exemption deduction, or a dependent of the taxpayer who is physically of mentally incapable of caring for himself or herself. I.R.C. § 21(b). Here, Douglas is not entitled to a dependency deduction for his son, mother, or his friend Jernigan. Douglas also did not provide evidence that his mother is physically or mentally incapable of caring for herself. Thus, Douglas is not entitled to a dependent-care credit. See I.R.C. § 21(a)(1), (b). Accordingly, the Tax Court's decision upholding the Commissioner's determination that Douglas was not entitled to dependent care credit was not clearly erroneous. See Wolf, 4 F.3d at 712.
 
 
 14
 Finally, Douglas contends that he did not receive a refund check for $1,761.00 for the 1988 tax year. This contention lacks merit.
 
 
 15
 The Internal Revenue Service submitted a certified copy of the 1988 tax transcript showing the issuance of the refund, and a copy of Douglas's cancelled check with his endorsement on the back. Douglas failed to provide any evidence that he did not receive the check. Accordingly, the Tax Court's determination that Douglas received his refund check was not clearly erroneous. See Wolf, 4 F.3d at 712.
 
 
 16
 All requests for relief received on August 3, 4, and 8, 1995, and May 2, 1996, are construed as motions and deemed filed. All pending motions are denied.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Douglas's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3